UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY MONTGOMERY,

    Plaintiff,

v.

WELLPATH MEDICAL, et al.,

    Defendants.

Case No. 3:19-cv-00675

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

In this civil rights action brought under 42 U.S.C. § 1983, pro se and *in forma pauperis* Plaintiff Gary Montgomery asserts claims under federal and state law alleging that he received inadequate medical care while he was detained pretrial at the Davidson County Jail (DCJ) in Nashville, Tennessee. (Doc. No. 12.) This Order addresses several issues pertaining to service of process and Montgomery's motion requesting an order requiring Defendant Wellpath Medical (Wellpath) to provide the full names of five nurses it employed at the DCJ who have been named as defendants, directing the U.S. Marshals Service to personally serve the nurse defendants, and sanctioning Defendant Davidson County. (Doc. No. 35.)

## I.    Background

Montgomery initiated this action on August 5, 2019, by filing an application to proceed *in forma pauperis* and a complaint against Davidson County; Lt. Thomas Conrad; Wellpath; Dental Technician Jenny Denest; five Doe nurses employed by Wellpath; and several other defendants. (Doc. Nos. 1, 2.) On February 10, 2020, the Court screened Montgomery's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that he had stated colorable Eighth Amendment claims for deliberate indifference to his medical needs and state-law negligence claims against Davidson

County and Wellpath and against Denest, Conrad, and the Doe nurses in their individual capacities. (Doc. Nos. 9, 10.) The Court dismissed all other claims and defendants. (*Id.*) The Court instructed Montgomery to complete "service packets for Davidson County, Wellpath Medical, Jenny Denest, and Lt. Conrad, and return them to the Clerk's office . . ." so that the U.S. Marshal could effect service of process. (Doc. No. 10, PageID# 53.) Regarding the Doe nurses, the Court notified Montgomery "of his obligation to conduct a reasonable investigation or, if necessary, to conduct discovery to promptly determine the[ir] full names . . . , to seek and effect service of process upon them within 90 days as required by Fed. R. Civ. P. 4(m), and to file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify the Defendants by name." (*Id.*)

On March 6, 2020, the Court received Montgomery's motion for leave to amend his complaint to provide the full name of one Doe nurse defendant (Taylor Bell) and the first names of the other four (Amber, Ashley, Dana, and Yvonne) and to add a claim against Corrections Officer Shannon Bell. (Doc. No. 11.) Montgomery also filed a proposed amended complaint. (Doc. No. 12.) The Court denied Montgomery's motion for leave to amend as moot, finding that he could amend his complaint as of right because no defendant had filed a responsive pleading. (Doc. No. 31.) Wellpath has since appeared and answered the amended complaint (Doc. No. 36), and Conrad has appeared and been granted leave to answer the amended complaint after the Court screens it under 28 U.S.C. § 1915(e)(2) (Doc. Nos. 32, 33).

## II.      Service of Davidson County and Officer Bell

Montgomery returned a service packet for Davidson County and a summons issued to it on March 13, 2020. (Doc. No. 13.) The summons was returned unexecuted on March 17, 2020, with

the notation that "Davidson County is not a legal entity." (Doc. No. 14, PageID# 95.) Montgomery has requested another summons so that he can attempt service again.[1] (Doc. No. 30.)

The Court instructed Montgomery to complete a service packet for "Davidson County" in its screening order (Doc. No. 10), using that label as shorthand for the full name of "the Metropolitan Government of Nashville and Davidson County." Charter of the Metropolitan Government of Nashville and Davidson County, Tennessee, art. I, § 1.01 (2019). The Clerk of Court will be directed to reissue a summons for the Metropolitan Government of Nashville and Davidson County and forward it to the U.S. Marshal for service. The Clerk of Court will be further directed to send Montgomery a service packet for Officer Bell, who Montgomery alleges is an employee of Davidson County.

## III. Service of the Wellpath Employees

Montgomery completed service packets for Wellpath employees Denest, Amber, Ashley, Dana, Taylor, and Yvonne, and asked that they be served at 5113 Harding Pl. in Nashville, Tennessee, which is the address of the Male Correctional Development Center (CDM) and the Maximum Correctional Center (MCC). (Doc. Nos. 18–23.) In the special instructions section of the service packets, Montgomery asked the U.S. Marshal to first attempt service at the offices of the CDM and the MCC and, if service was not successful, to then attempt service at Wellpath's headquarters, located at 1283 Murfreesboro Rd., Suite 500, in Nashville, Tennessee. (*Id.*) Summonses issued to the Wellpath employees on March 13, 2020. (Doc. No. 13.) The U.S.

---

[1] In this filing, Montgomery also addresses two other lawsuits that he has filed in this Court: *Montgomery v. Whidbee*, No. 3:19-cv-00747 (M.D. Tenn. Aug. 26, 2019), and *Montgomery v. Hall*, No. 3:19-cv-01113 (M.D. Tenn. Dec. 12, 2019). Montgomery's lawsuits have not been consolidated, and he does not allege that they involve overlapping factual circumstances. Montgomery is notified that the filings he makes in this action must be specific to this action and will not be considered in his other lawsuits. Likewise, filings Montgomery makes in his other cases will not be considered in this one.

Marshal attempted service by mail at 5113 Harding Pl. The summonses were forwarded to Davidson County Sheriff's Office (DCSO) Administrative Counsel Karen Fentress, who noted that none of the defendants is an employee of the DCSO. (Doc. Nos. 18–23.) The summonses were returned unexecuted on April 6, 2020.

On April 27, 2020, Montgomery filed a motion requesting an order requiring Wellpath to disclose the full names of the nurse defendants, directing the U.S. Marshal to personally serve them, and sanctioning Davidson County for alleged interference with Montgomery's service efforts. (Doc. No. 35.) Montgomery alleges that DCSO employee Fentress "intercepted" service of process for the nurse defendants and that he "believes Davidson County is attempting to dodge service of process and protect contract employees from service . . . ." (*Id.* at PageID# 149.) Conrad filed a response to Montgomery's motion, arguing that the nurse defendants "are employees of Wellpath, not the DCSO, and therefore Ms. Fentress [was] not required to accept service of process for these individuals." (Doc. No. 37, PageID# 187–88.) Wellpath also responded in opposition to Montgomery's motion, arguing that "the proper avenue to obtain the full names of the nurses named as defendants in the Amended Complaint" is "discovery." (Doc. No. 38, PageID# 190.)

Given Montgomery's pro se status, the Court will construe his request for an order requiring Wellpath to produce the full names of the nurse defendants as a motion for limited discovery to obtain that information and the work addresses of the Wellpath employees named in this action. That aspect of Montgomery's motion will be granted. The remainder of Montgomery's motion will be denied. The Court will not direct the U.S. Marshal to personally serve the nurse defendants before they have been fully identified, and Montgomery has not pointed to any authority that would support sanctions against Davidson County, which has yet to be served in this action.

**IV.     Conclusion**

For the foregoing reasons, the Clerk of Court is DIRECTED to reissue a summons for the Metropolitan Government of Nashville and Davidson County and forward it to the U.S. Marshal to effect service of process. The Clerk of Court is FURTHER DIRECTED to send Montgomery a service packet for Officer Shannon Bell, and Montgomery is ORDERED to complete and return that packet by June 16, 2020.

Montgomery's motion seeking the identities of the nurse defendants, personal service, and sanctions against Davidson County (Doc. No. 35) is GRANTED IN PART AND DENIED IN PART. Montgomery's request for early limited discovery concerning the full names and work address(es) of the Wellpath employees named in this action is GRANTED as follows:

- Montgomery is ORDERED to send discovery requests on those topics directly to Wellpath's counsel by June 16, 2020;

- Wellpath shall have thirty days from receipt of Montgomery's discovery requests to respond to them, and Wellpath is ORDERED to notify the Court when it has done so; and

- within seven days of receiving Wellpath's discovery responses, Montgomery is ORDERED to request service packets for the Wellpath employee defendants;

- within fourteen days of receiving the service packets, Montgomery shall return completed service packets to the Court and shall file a motion for leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) to include the full names of the nurse defendants, along with a proposed second amended complaint.

Montgomery's motion is DENIED with respect to his request for personal service and sanctions against Davidson County.

5

Finally, Defendant Conrad's time to file an answer or other responsive pleading is EXTENDED until the Court has resolved Montgomery's anticipated motion to amend the complaint. The deadline for Conrad to answer or otherwise respond will be addressed in that order.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge