UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY MONTGOMERY,

    Plaintiff,

v.

WELLPATH MEDICAL et al.,

    Defendants.

Case No. 3:19-cv-00675

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

In this civil rights action brought under 42 U.S.C. § 1983, pro se and *in forma pauperis* Plaintiff Gary Montgomery asserts claims under federal and Tennessee state law alleging that he received inadequate medical and dental care while detained at the Davidson County Jail. (Doc. No. 12.) On May 26, 2020, the Court issued an order allowing Montgomery to seek limited early discovery for the purpose of effecting service of process. (Doc. No. 39.) On June 29, 2020, after receiving a discovery request from Montgomery, Defendants Wellpath Medical (Wellpath) and Unknown Nurse Does 1–5 (the Doe nurses) filed a motion for a protective order and to proceed pseudonymously. (Doc. No. 41.) Montgomery filed an untimely response on September 1, 2020 (Doc. No. 58), to which the defendants have replied (Doc. No. 61.)

For the reasons that follow, Wellpath and the Doe nurses' motion for protective order and to proceed pseudonymously will be denied, and Montgomery will be ordered to serve Wellpath with new requests for discovery that comply with the Court's previous order granting limited early discovery.

**I.      Relevant Background**

Montgomery, who is incarcerated, initiated this § 1983 action by filing a complaint on August 5, 2019. (Doc. No. 1.) On February 10, 2020, the Court screened Montgomery's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that he had stated colorable Eighth Amendment claims for deliberate indifference to his medical needs and state-law negligence claims against Defendants Davidson County, Wellpath, Dental Technician Jenny Denest, Lt. Thomas Conrad, and the Doe nurses. (Doc. Nos. 9, 10.) The Court notified Montgomery "of his obligation to conduct a reasonable investigation or, if necessary, to conduct discovery to promptly determine the full names of [the Doe nurses], to seek and effect service of process upon them within 90 days . . . , and to file a timely motion . . . for leave to amend his complaint to correctly identify the Defendants by name." (Doc. No. 10, PageID# 53.)

On March 12, 2020, Montgomery filed an amended complaint that included the full name of one Doe nurse defendant (Taylor Bell) and the first names of the other four Doe nurse defendants (Amber, Ashley, Dana, and Yvonne). (Doc. No. 12). On April 27, 2020, Montgomery filed a motion asking the Court to order Wellpath to provide the full names of the Doe nurses that it employed at the Davidson County Jail, direct the U.S. Marshal to personally serve them, and sanction Davidson County for alleged interference with Montgomery's service efforts.[1] (Doc. No. 35.) The Court construed Montgomery's request for an order requiring Wellpath to provide the full names of the Doe nurses "as a motion for limited discovery to obtain that information and

---

[1] Defendants Conrad and Wellpath filed responses in opposition to Montgomery's motion. (Doc. Nos. 37, 38.)

the work addresses of the Wellpath employees named in this action" and granted that motion on May 26, 2020.[2] (Doc. No. 39, PageID# 196.)

On June 29, 2020, Wellpath and the Doe nurses filed a motion for a protective order to limit disclosure of Doe nurses' personal information to Montgomery and to allow the Doe nurses to proceed pseudonymously (Doc. No. 41), along with a supporting memorandum of law (Doc. No. 42). As an exhibit to their motion, they attached a set of interrogatories in which Montgomery seeks the following information:

1. Provide the full names of all employees, associates or contract workers, and those deemed to oversee them, assigned to work at the Davidson County Sheriff Department's (DCSO) Harding Place Facilities in Nashville, Tennessee from May 5, 2016 to May 1, 2020 to include all nurses, nurses aides, nursing assistants, nurse practitioner[s], dental technicians, dental hyg[i]enists, dental assistants, doctors, dentists, Wellpath president/CEO, personnel/HR director, head of training and compliance and especially those with the first name of "Amber," "Ashley," "Yvonne," "Dana," "Taylor" and "Jenny" and the professional license number of each of these individuals for the state of Tennessee.

2. Provide the personnel file records information for each named individual above to include their educational history, any continuing education completed, their home address, home and mobile telephone number, social security number, proper address to effectuate service, all reports including any and all disciplinary actions whether committed under Wellpath['s] employ or not, accommodations received, the names of their immediate supervisor and personnel at DCSO acting as supervisor or [in] a contact role.

(Doc. No. 41-1, PageID# 204–05.)

The defendants argue that the Court should allow the Doe nurses to proceed pseudonymously because Montgomery is charged with multiple murder-for-hire schemes against his "ex-wife, his former lawyer, and witnesses who testified against [him]," causing the defendants to "have significant concerns about the safety of the individual Doe Nurses" if Montgomery knew

---

[2] The Court denied the remainder of Montgomery's motion. (Doc. No. 39.)

their full names and personal information. (Doc. No. 41, PageID# 201–02.) They also argue that the Court's order opening early discovery explicitly permits only "limited discovery 'concerning the full names and work address(es)' of the Doe Nurses[,]" not the extensive information Montgomery requests in his first set of interrogatories. (Doc. No. 42, PageID# 232 (quoting Doc. No. 39, PageID# 197).)

On September 1, 2020, the Court received Montgomery's response in opposition to the motion for a protective order and to proceed pseudonymously and an accompanying memorandum of law, both of which are dated August 19, 2020. (Doc. Nos. 58, 59.) In a cover letter sent with these filing, Montgomery apologized for his "timing" and explained that he "can only send [filings] after [the] jail gives [him] photocopies for [service on the] opposing party . . . ." (Doc. No. 58-1.) Montgomery argues that "Wellpath has intentionally interfered with [his] investigative efforts at every turn[,]" despite the Court's order authorizing limited early discovery, and asks the Court to sanction Wellpath under Rule 11. (Doc. No. 59, PageID# 302.) The defendants filed a reply on September 9, 2020, arguing that Montgomery's request for sanctions should be denied because his accusations are "baseless and demonstrably false . . . ." (Doc. No. 61, PageID# 308.)

## II. Legal Standard

### A. Motion to Proceed Pseudonymously

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using

their courts." *Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

Only in "exceptional cases" does a party's desire to proceed pseudonymously defeat the presumption of public disclosure. *Id.* (citing *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)). Consequently, a court may only issue a protective order excusing parties from identifying themselves where "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Factors considered in determining whether to allow parties to proceed pseudonymously include: "(1) whether the [parties] seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [parties] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [the parties] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [parties] are children." *Porter*, 370 F.3d at 560 (quoting *Stegall*, 653 F.2d at 185–86). Courts also consider whether the nonmoving party would be prejudiced by allowing the moving party to proceed pseudonymously, such as "being forced to proceed with insufficient information to present their arguments . . . ." *Citizens for a Strong Ohio*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561).

Whether to grant leave to proceed pseudonymously is within the Court's discretion. *Doe v. Warren Cnty.*, No. 1:12-cv-789, 2013 WL 684423, at *2 (S.D. Ohio Feb. 25, 2013) (citing *Porter*, 370 F.3d at 560). The party seeking anonymity bears "the heavy burden" of showing that its "need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties." *Id.* at *2, 3.

### B. Motion for Protective Order

The scope of discovery in civil litigation falls within the sound discretion of the trial court. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). "Unless otherwise limited by court order," Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the discovery of certain information. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden to show good cause "'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. Analysis

#### A. Motion to Proceed Pseudonymously

The only *Porter* factor potentially implicated in this case is whether prosecution of the suit will compel the Doe nurses to disclose information of utmost intimacy such that it substantially outweighs the presumption of openness in judicial proceedings and any prejudice to Montgomery. Courts have permitted parties to proceed pseudonymously where the issues involved are matters of a sensitive and highly personal nature, "such as birth control, abortion, homosexuality, or religious beliefs capable of subjecting [a party] to considerable harassment." *Ericksen*, 2017 WL 264499, at *2. Here, there are no such matters at issue. The Doe nurses do not argue that they should be allowed to proceed pseudonymously "to avoid public opprobrium that might result from

th[is] litigation," but rather because they are concerned about the potential for retaliation from the party bringing suit against them. *Does v. Shalushi*, No. 10-11837, 2010 WL 3037789, at *4 (E.D. Mich. July 30, 2010).

This concern does not implicate any of the factors identified in *Porter* that constitute a privacy interest that outweighs the fundamental presumption of open judicial proceedings. *Porter*, 370 F.3d at 560. The Doe nurses' fear of retaliation is undoubtedly genuine, and they have provided evidence that supports their assertion. (Doc. Nos. 41, 42.) But granting their motion would keep Montgomery in the dark about whom he is suing, which would prejudice him by severely limiting his ability to conduct discovery and force him to proceed with insufficient information to present his case. *See De Angelis v. Nat'l Ent. Grp. LLC*, No. 2:17-cv-00924, 2019 WL 1071575, at *4–5 (S.D. Ohio Mar. 7, 2019) (finding that the defendant would be prejudiced by allowing the plaintiff to proceed pseudonymously because the defendant needs the plaintiffs full name to properly conduct discovery and denying the plaintiff's motion to proceed pseudonymously); *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2–3 (E.D. Mich. July 17, 2018) (permitting the plaintiff to proceed pseudonymously because she only wished "to shield her name from use in public court records," while allowing defendants to use her name "in order to obtain discovery"). Accordingly, the Doe nurses have failed to meet their burden of demonstrating that their privacy interests substantially outweigh the presumption of open judicial proceedings and risk of prejudice to Montgomery. Further, as addressed below, less-restrictive avenues are available to protect the Doe nurses' interests. Accordingly, the motion to proceed pseudonymously (Doc. No. 41) will be denied.

### B. Motion for Protective Order

Wellpath and the Doe nurses also seek a protective order barring disclosure of the personal information Montgomery requests in his first interrogatory, including among other things, the Doe

nurses' home addresses, social security numbers, and phone numbers. (Doc. No. 41.) On May 26, 2020, this Court granted "early limited discovery concerning the full names and work address(es) of the Wellpath employees named in this action . . . ." (Doc. No. 39, PageID# 197.) Montgomery's first set of interrogatories requests information beyond what the Court has authorized in early discovery. While the defendants must provide Montgomery with the full names and work addresses of the Wellpath employees named in this action, Montgomery is not entitled to request any additional information until the case moves into full discovery. Accordingly, the motion for a protective order will be granted in part. The defendants shall respond only to Montgomery's request for the full names and work addresses of the Wellpath employees. No other information shall be provided at this time.

Once full discovery opens, the parties will have the opportunity to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). If the defendants believe a second protective order is necessary at that stage of litigation, they may file a motion in accordance with the requirements of Rule 26(c).

**IV.     Conclusion**

For these reasons, the defendants' motion for a protective order and to proceed pseudonymously (Doc. No. 41) is GRANTED IN PART AND DENIED IN PART. Montgomery is ORDERED to send new discovery requests directly to Wellpath's counsel seeking only the full names and work addresses of the Wellpath employees named in this action by January 5, 2021. Wellpath shall have thirty days from receipt of Montgomery's discovery requests to respond to them, and Wellpath is ORDERED to notify the Court when it has done so. Within seven days of receiving Wellpath's discovery responses, Montgomery is ORDERED to file a motion for leave

8
Case 3:19-cv-00675   Document 62   Filed 12/15/20   Page 8 of 9 PageID #: 320

to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) to include the full names of the nurse defendants, along with a proposed second amended complaint.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge