UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY MONTGOMERY,

    Plaintiff,

v.

WELLPATH MEDICAL et al.,

    Defendants.

Case No. 3:19-cv-00675

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

Before the Court in this civil rights action is pro se Plaintiff Gary Montgomery's motion for an extension of time to file an amended complaint and for an order to compel compliance with discovery. (Doc. No. 66.) Defendants the Metropolitan Government of Nashville and Davidson County, Tennessee (Metro), and Wellpath Medical oppose the motion. (Doc. Nos. 69, 70.) For the reasons that follow, Montgomery's motion will be granted in part and denied in part.

### I.     Factual and Procedural Background

Montgomery initiated this action on August 5, 2019, by filing a complaint under 42 U.S.C. § 1983 alleging that he received inadequate medical care while detained pretrial by the Davidson County Sheriff's Office (DCSO). (Doc. No. 1.) The Court granted Montgomery's application to proceed *in forma pauperis* and screened Montgomery's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e. (Doc. Nos. 9, 10.) The Court found that Montgomery had stated non-frivolous claims for deliberate indifference to his medical needs under the Fourteenth Amendment and negligence under state law against Metro, Wellpath, and Defendants Lieutenant Thomas Conrad, dental technician Jenny Denest, and five unknown nurses (the Doe nurses) in their individual capacities. (Doc. Nos. 9, 10.) Those claims were allowed to

proceed, all other claims and defendants were dismissed. (Doc. No. 10.) The Court also informed Montgomery that he must "promptly determine the full names of" the Doe nurses, "seek and effect service of process upon them within 90 days as required by Fed. R. Civ. P. 4(m)," and "file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify the Defendants by name." (*Id.* at PageID# 53.)

Montgomery filed an amended complaint that identifies the Doe nurses as Taylor Bell, Amber, Ashley, Dana, and Yvonne; adds corrections officer Shannon Bell as a defendant; and adds various other claims under federal and state law. (Doc. No. 12.) Montgomery completed service packets for Denest, Taylor, Amber, Ashley, Dana, and Yvonne, and asked that they be served at 5113 Harding Pl. in Nashville, Tennessee, which is the address of the DCSO Male Correctional Development Center (CDC) and the Maximum Correctional Center (MCC).[1] (Doc. Nos. 18–23.) In the special instructions section of these service packets, Montgomery asked the U.S. Marshal to attempt service first at the medical and dental offices of the CDC and the MCC and, if service was not successful, to then attempt service at Wellpath's headquarters, located at 1283 Murfreesboro Rd., Suite 500, in Nashville, Tennessee. (*Id.*) Summonses were issued to Amber, Ashley, Dana, Yvonne, Taylor, and Denest on March 13, 2020. (Doc. No. 13.) The U.S. Marshal attempted service by mail at 5113 Harding Pl. The summonses were forwarded to DCSO Administrative Counsel Karen Fentress, who noted that none of those defendants is an employee

---

[1] Montgomery has also completed service packets for Conrad, Metro, and Wellpath and summonses were issued for those defendants, who have now appeared and responded to Montgomery's amended complaint or sought an extension of time in which to do so. (Doc. Nos. 32, 36, 54, 39.)

Montgomery was ordered to complete and return a service packet for Shannon Bell by June 16, 2020 (Doc. No. 39), but the docket reflects that he has not done so. The Court will address service of process on Shannon Bell in a separate order.

of the DCSO. (Doc. Nos. 18–23.) The summonses were returned unexecuted on April 6, 2020. (Doc. Nos. 18–23.)

On May 26, 2020, the Court issued an order allowing Montgomery to seek "early limited discovery concerning the full names and work address(es) of the Wellpath employees named in this action" so that Montgomery could file a second amended complaint that includes the Doe nurses' full names and effect service of process. (Doc. No. 39, PageID# 197.) Montgomery served interrogatories on Wellpath seeking:

> the full names of all employees, associates or contract workers, and those deemed to oversee them, assigned to work at the Davidson County Sheriff Department's (DCSO) Harding Place Facilities in Nashville, Tennessee from May 5, 2016 to May 1, 2020 . . . especially those with the first name of "Amber," "Ashley," "Yvonne," "Dana," "Taylor" and "Jenny" . . . .

(Doc. No. 41-1, PageID# 204.) Wellpath and the Doe nurses filed a motion for a protective order to limit disclosure of the Doe nurses' personal information to Montgomery and to allow the Doe nurses to proceed pseudonymously. (Doc. No. 41.)

The Court denied the motion to proceed pseudonymously, but found that "Montgomery's first set of interrogatories request[ed] information beyond what the Court has authorized in early discovery" and ordered Montgomery "to send new discovery requests directly to Wellpath's counsel seeking only the full names and work addresses of the Wellpath employees named in this action . . . ." (Doc. No. 62, PageID# 320) (emphasis in original.) Wellpath and the Doe nurses notified the Court that they had responded to Montgomery's second set of interrogatories (Doc. No. 63), and the Court ordered Montgomery to file a second amended complaint by March 15, 2021 (Doc. No. 64).

On March 4, 2021, Montgomery filed a combined motion for an extension of time to file a second amended complaint and for an order to compel compliance with limited discovery. (Doc. No. 66.) Montgomery asserts that Wellpath provided incomplete and untimely responses to his

3

second set of interrogatories and asks the Court to (1) order Wellpath to respond fully to his discovery requests; (2) order Wellpath to accept service of process for the defendant identified as "Jenny[;]" and (3) extend the deadline for Montgomery to file a second amended complaint until after Wellpath supplements its discovery responses. (*Id.* at PageID# 329.)

Metro and Wellpath have responded in opposition to the motion (Doc. Nos. 69, 70). Metro argues that the Court should deny Montgomery's motion for an extension of time because he has repeatedly failed to comply with Court-ordered deadlines. (Doc. No. 69.) Wellpath argues that the motion for extension of time and to compel should be denied because Wellpath has complied with the Court's December 15, 2020 order by providing the full names of Nurses Amber, Ashley, Dana, Taylor Bell, and Yvonne, and addresses where they may be served. Wellpath has also identified a dental assistant named "Jenny Jaynes" based on a review of Montgomery's medical and dental records, although it has not been able to locate an address for serving process on Jaynes. (Doc. No. 70.)

## II.    Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio

2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

### III. Analysis

Montgomery moved for an extension of time to file an amended complaint before the deadline this Court set for him to do so, and the Court finds good cause to extend the deadline so as to allow Montgomery to file a second amended complaint identifying all of the defendants by name based on the information Wellpath provided in its discovery responses. *See* Fed. R. Civ. P. 6(b)(1)(A) (providing that "the court may, for good cause, extend the time" in which "an act may or must be done" "if a request is made[ ] before the original time or its extension expires").

Wellpath argues that Montgomery's motion to compel should be denied because Montgomery seeks information outside the scope of the limited early discovery that the Court ordered to allow Montgomery to identify and serve unknown defendants. Montgomery's second set of interrogatories seeks:

> the full name and service of process address for every Wellpath employee, associate or contract worker, or their predecessor Correct Care Solutions, and their position i.e. sick call nurse, scheduling nurse etc. . . . to include all doctors, dentists, nurse practitioners, RN's, LPN's, aides, dental technicians assistants or hyg[i]enists who worked at Davidson County Sheriff's Office locations (DCSO) from May 5, 2016 to May 1, 2020. Since Defendant is aware that two (2) names given by staff, Taylor Bell and Jenny Denest, were likely false and wishes to correct that; [Montgomery]

5

> is particularly interested in [the] full name of Dr. Lewis and any assistant working with her, in particular all those named/known as "Jenny" and all nurses with first name of Amber, Ashley, Dana, Taylor, and Yvonne.

(Doc. No. 70-1, PageID# 347.) This request clearly exceeds the scope of the Court's December 15, 2020 order, which directed Montgomery to seek "<u>only</u> the full names and work addresses of the Wellpath employees named in this action." (Doc. No. 62, PageID# 320) (emphasis in original.) Wellpath has identified the five Doe nurses as Amber Dame, RN; Ashley Voller, LPN; Dayna West, MA; Taylor Wall, RN; and Yvonne Brown, RN. After searching Montgomery's medical and dental records for a provider named "Jenny" to find the identity of the defendant Montgomery previously identified as "Jenny Denest," Wellpath reported that it identified a dental assistant named "Jenny Jaynes." (Doc. No. 70.) Because Wellpath has provided the information necessary for Montgomery to file a second amended complaint identifying all defendants by name, and because Montgomery does not have a right to discover the names of any other Wellpath employees under the terms of this Court's, *see Grae*, 326 F.R.D. at 485, Montgomery's motion to compel will be denied to the extent it seeks the names of any other Wellpath employees.

Federal Rule of Civil Procedure 4(c)(3) allows the Court to direct that service be effected by a U.S. Marshal or other person specifically appointed by the Court for that purpose and requires the Court to do so where, as here, the plaintiff proceeds *in forma pauperis*. Fed. R. Civ. P. 4(c)(3). Although Wellpath has provided an address for the five Doe nurses, it states that it is not aware of a current address where Montgomery can effect service of process on Jaynes. (Doc. No. 70.) Although the Court is not required to seek out a defendant's address so that process can be served, the Sixth Circuit has recognized that district courts may undertake measures to discover the identity and address of an unserved defendant. *Fitts v. Sicker*, 232 F. App'x 436, 443–44 (6th Cir. 2007). This Court and others have relied on *Fitts* to order that service addresses be produced. *See Baldwin v. Croft*, No. 3:12 CV 1867, 2013 WL 172870, at *1–2 (N.D. Ohio Jan. 16, 2013); *cf. Ely*

*v. Smith*, No. 1:07-cv-261, 2008 WL 2076651, at *2 (E.D. Tenn. May 15, 2008) (citing *Sellers v. United States*, 902 F.2d 598 (7th Cir. 1990)).

Accordingly, Wellpath will be ordered to file a notice under seal providing the last known address of Jenny Jaynes. If Jaynes is named as a defendant in Montgomery's second amended complaint, the Court will direct the Clerk's office to issue a summons to Jaynes under seal to be served by the U.S. Marshals Service.

**IV.     Conclusion**

For these reasons, Montgomery's motion for an extension of time to file an amended complaint and for an order to compel compliance with limited discovery is GRANTED IN PART AND DENIED IN PART. The deadline for Montgomery to file a second amended complaint is EXTENDED. Montgomery is ORDERED to file an amended complaint that includes the full names of all defendants by no later than October 2019, 2021. Failure to do so may result in a recommendation that some or all of Montgomery's claims be dismissed.

Wellpath is ORDERED to file a notice under seal providing Jenny Jaynes's last known by October 20, 2021.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge