UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
NOV 19 2021
US DISTRICT COURT
MID DIST TENN

GARY MONTGOMERY,
PLAINTIFF

V

WELLPATH LLC, METROPOLITAN
GOVERNMENT OF NASHVILLE AND
DAVIDSON COUNTY, THOMAS CONRAD,
SHANNON BELL, TAYLOR WALL, AMBER
DAME, DAYNA WEST, MARK BAILEY,
KRYSTAL LEWIS, AND JENNY JAYNES,
DEFENDANTS

CASE No.: 3-19-CV-00675

CHIEF JUDGE WAVERLY D. CRENSHAW Jr.
MAG JUDGE ALISTAIR E. NEWBERN

JURY TRIAL DEMANDED

## SECOND AMENDED VERIFIED COMPLAINT FOR DAMAGES UNDER 42 U.S.C, §1983 AND INJUNCTIVE RELIEF

### JURISDICTION

1. THIS IS A CIVIL RIGHTS ACTION BY GARY MONTGOMERY FOR
DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONEY DAMAGES
ARISING UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS

TO THE UNITED STATES CONSTITUTION, TITLE 42 U.S.C. SECTION 1983, THE TENNESSEE STATE CONSTITUTION AND BY THE AMERICANS WITH DISABILITIES ACT ALLEGING DENIAL NECESSARY MEDICAL CARE, INCLUDING DENTAL, IN VIOLATION OF THE REHABILITATION ACT. THE JURISDICTION OF THIS COURT IS PREDICATED ON TITLE 28 U.S.C. § 1331 AND 1343(a)(3). DECLARATORY RELIEF PURSUANT TO TITLE 28 USC. §§ 2201 AND 2202. INJUNCTIVE RELIEF IS AUTHORIZED UNDER TITLE 28 U.S.C. §§ 2283 AND 2284 AND RULE 65 OF THE FED. R. CIV. P. THE STATE CLAIMS OF TORTS OF NEGLIGENCE, BREACH OF CONTRACT, AND MEDICAL MALPRACTICE, ARE AUTHORIZED UNDER TITLE 28 U.S.C. § 1367. THE DEPRIVATION OF CIVIL RIGHTS OCCURRED UNDER THE COLOR OF LAW. STATE CLAIMS INCLUDE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

2. THE MIDDLE DISTRICT OF TENNESSEE IS THE APPROPRIATE VENUE UNDER TITLE 28 U.S.C. § 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THESE CLAIMS OCCURRED.

## PARTIES

3 THE PLAINTIFF, GARY MONTGOMERY, WAS INCARCERATED IN THE DAVIDSON COUNTY JAIL DURING THE EVENTS THAT ARE DESCRIBED IN THIS COMPLAINT. PLAINTIFF IS A KNOWN DIABETIC AND AS SUCH IS A PROTECTED UNDER THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATIONS ACT.

2

4. WELLPATH, LLC, FORMERLY KNOWN AS CORRECT CARE SOLUTIONS, IS THE CURRENT HEALTH AND DENTAL CARE PROVIDER FOR THE INMATES AT THE DAVIDSON COUNTY JAILS. ON INFORMATION AND BELIEF METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY AND WELLPATH, LLC ("HEREINAFTER "WELLPATH") HAVE A CONTRACT TO DELIVER MEDICAL AND DENTAL SERVICES TO INMATES, WHO ARE THIRD PARTY BENEFICIARIES. THEY ARE SUED IN THEIR INDIVIDUAL CAPACITY.

5. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY (HEREINAFTER "METRO") IS THE GOVERNMENTAL ENTITY THAT IS RESPONSIBLE IMPLEMENTING AND OVERSEEING THE MEDICAL AND DENTAL SERVICES PER THEIR CONTRACT WITH WELLPATH AND TO SUPERVISE THE COUNTY'S SHERIFF DEPARTMENT TO ENSURE THE JAIL'S INMATES GET QUALITY HEALTH AND DENTAL CARE COMPLIANT WITH STATE AND FEDERAL LAWS. THEY ARE SUED IN THEIR OFFICIAL CAPACITY.

6. THOMAS CONRAD IS A LIEUTENANT AT THE MAXIMUM CORRECTIONAL CENTER ("MCC") DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. HE IS SUED IN HIS INDIVIDUAL AND HIS OFFICIAL CAPACITY

7. SHANNON BELL IS A CORRECTIONAL OFFICER EMPLOYED

3

TO WORK AT THE DAVIDSON COUNTY JAIL'S MCC FACILITY DURING THE TIME THESE EVENTS OCCURRED. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

8. TAYLOR WALL, ORIGINALLY MISIDENTIFIED AS TAYLOR BELL, IS A NURSE EMPLOYED BY PROVIDER WELLPATH AND ASSIGNED TO WORK AT THE DAVIDSON COUNTY JAIL MCC FACILITY DURING THE TIME THESE EVENTS OCCURRED. SHE IS SUED IN HER INDIVIDUAL CAPACITY.

9. AMBER DAME, ORIGINALLY IDENTIFIED AS A NURSE DOE, IS A NURSE EMPLOYED BY PROVIDER WELLPATH AND ASSIGNED TO WORK AT THE DAVIDSON COUNTY JAIL MCC FACILITY DURING THE TIME THESE EVENTS OCCURRED. SHE IS SUED IN HER INDIVIDUAL CAPACITY.

10. DAYNA WEST, ORIGINALLY IDENTIFIED AS A NURSE DOE, IS ON INFORMATION AND BELIEF A NURSE OR NURSE'S AIDE EMPLOYED BY PROVIDER WELLPATH AND ASSIGNED TO WORK AT THE DAVIDSON COUNTY JAIL MCC FACILITY DURING THE TIME THESE EVENTS OCCURRED. SHE IS SUED IN HER INDIVIDUAL CAPACITY.

11. MARK BAILEY, ONE OF THE NURSE DOES, IS A NURSE

4

PRACTITIONER EMPLOYED BY PROVIDER WELLPATH AND ASSIGNED TO WORK AT THE DAVIDSON COUNTY JAIL MCC FACILITY FROM TIME TO TIME AND DURING THE TIME THESE EVENTS OCCURRED. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

12. KRYSTAL LEWIS, WRONGFULLY IDENTIFIED ORIGINALLY AS A NURSE DOE. ON INFORMATION AND BELIEF AND MUCH INQUIRING AND QUESTIONING WHICH NURSE WORKED WITH JENNY, IT WAS DISCOVERED LEWIS IS ACTUALLY A DENTIST EMPOYED BY PROVIDER WELLPATH AND WORKING AT DAVIDSON COUNTY JAIL'S MCC AND CDM FACILITIES. SHE IS SUED IN HER INDIVIDUAL CAPACITY.

13. JENNY JAYNES, ORIGINALLY LED TO BELIEVE BY METRO JAIL STAFF HER NAME WAS JENNY DENEST, IS A DENTAL HYGIENEST OR TECHNICIAN EMPLOYED BY PROVIDER WELLPATH AND ASSIGNED TO WORK AT THE DAVIDSON COUNTY JAIL'S MCC AND CDM FACILITIES DURING THE TIMES THESE EVENTS OCCURRED. SHE IS SUED IN HER INDIVIDUAL CAPACITY.

## FACTS

### DENIAL OF NECESSARY DENTAL CARE

14. PLAINTIFF WAS INCARCERATED ON MAY 5, 2016.

5

SHORTLY THEREAFTER HE WAS GIVEN AN INTAKE MEDICAL INTERVIEW AND EVENTUALLY A VISIT TO A NURSE PRACTIONER. DENTAL CARE WAS NOT PART OF THIS INTAKE PROCESS. PLAINTIFF WAS NOT SEEN REGARDING DENTAL ISSUES DURING ALL OF 2016.

15. IT WAS NOT UNTIL JUNE 21, 2017 THAT PLAINTIFF WAS FIRST SEEN FOR A DENTAL EXAMINATION. PLAINTIFF HAD REQUESTED DENTAL CARE DUE TO A BROKEN TOOTH AND SENSITIVITY TO HOT AND COLD. PLAINTIFF WAS TOLD HE WOULD HAVE TO WAIT WEEKS TO BE SEEN.

16. THE JUNE 21, 2017 APPOINTMENT WAS AT THE CDM FACILITY. PLAINTIFF WAS GIVEN A VISUAL EXAMINATION DENTIST KRYSTAL LEWIS AND ASSISTED BY DENTAL HYGIENEST/TECHNICIAN JENNY JAYNES. IT WAS OBVIOUS PLAINTIFF HAD A BROKEN TOOTH, EVEN TO A LAYMAN. PLAINTIFF ADVISED THEM HIS TOOTH WAS SENSITIVE TO HOT AND COLD AND HE WANTED TO REPAIR AND SAVE THE TOOTH WITH A CROWN. PLAINTIFF ALSO REQUESTED HIS TEETH BE CLEANED. THEY BOTH DENIED THOSE REQUESTS WITH JENNY SAYING "WE DON'T CLEAN TEETH HERE, WE ONLY PULL THEM". THEY THEN OFFERED TO PULL PLAINTIFF BROKEN TOOTH, WHICH WAS SAVABLE, BUT PLAINTIFF DECLINED. NO X RAYS WERE TAKEN AND NO SERVICES OTHER THAN VISUAL EXAMINATION WERE RENDERED THAT DAY.

6.

17. No examinations or services were performed at all in 2018. Plaintiff, now knowing there were no services that were available other than pulling his broken tooth, was forced to continue to tolerate the sensitivity discomfort.

18. On June 3, 2019 Plaintiff received his second dental exam, both dentist Krystal Lewis and assistant Jenny Jaynes were again present. Correctional officer Jennifer Lane was also present as witness. The dentist performed a cursory visual inspection and it was noted that the gaps in Plaintiff's gums were larger as measured with a probe and that they were bleeding. Further, it was noted that excessive calcified tarter build up was present. Plaintiff again requested his teeth be cleaned, the gums treated and a crown be put on the broken tooth to save it and help with the sensitivity. Jenny responded "this is a short term facility and we only offer a limited service, but you can have dental services when you go to prison!". That is a presumption of guilt by the staff. The facility does not offer for sale or provide dental floss or dental tooth picks. No xrays were taken and no other services rendered. Jenny said "see you again next year." By this time Plaintiff had been in jail 37 months, which seems more than short term.

7

19. IT WAS NOT UNTIL THIS COMPLAINT WAS DRAFTED AND A CASE MANAGER REQUESTED TO MAKE COPIES FOR PARTIAL CLEANING SERVICES CALLED ABRIDGEMENT WERE OFFERED.

## DENIAL OF MEDICAL CARE

20. PLAINTIFF'S HOUSING STATUS CHANGED TO ADMINISTRATIVE SEGREGATION WITH NO NOTICE OR DUE PROCESS TO PLAINTIFF (SUBJECT OF SEPARATE LITIGATION). REALIZING HE WOULD BE THERE LONGER TERM HE REQUESTED FROM MEDICAL A BETTER QUALITY MATTRESS AND EXTRA BLANKET TO DEAL WITH DOCUMENTED CHRONIC BACK PAIN ISSUES AND TO STAY WARM SINCE HE WAS ASSIGNED A CORNER CELL. MEDICAL ADVISED THEY WERE NOT PERMITTED TO GIVE THOSE ITEMS TO HIM. JAIL STAFF ALSO DENIED SIMILAR REQUESTS.

21. IN THE MIDDLE OF APRIL 2019 PLAINTIFF BEGAN EXPERIENCING EXCRUCIATING STOMACH AND BACK PAIN EQUIVALENT TO HAVING A KIDNEY STONE, WHICH MADE SLEEPING NEARLY IMPOSSIBLE. PLAINTIFF FILED SEVERAL SICK CALL REQUESTS FOR HELP, WHICH WERE REVIEWED BY NURSE YVONNE BROWN WHO OFTEN SAID "THERE IS NOTHING WE CAN DO FOR YOU. THE PAIN WAS PERSISTING DAY AND NIGHT AND SEVERAL NURSES WALKING BY MY CELL WERE TOLD OF THE SEVERITY OF MY PAIN, EVEN SEEING ME DOUBLED UP ON THE FLOOR. THESE NURSES INCLUDED TAYLOR WALL, AMBER DAME, ASHLEY VOLLER AND OTHERS. NO IMMEDIATE HELP WAS GIVEN

8

THEY ONLY SAID "PUT IN A SICK CALL".

22. PLAINTIVE WAS NOT SEEN BY A DOCTOR OR NURSE PRACTITIONER UNTIL ABOUT JUNE 18, 2019. NURSE PRACTIONER MARK BAILEY DID PRESCRIBE MUSCLE RELAXING MEDICATION CALL FLEXERIL TO START THAT SAME DAY. BAILEY EVEN MADE A PHONE CALL FOR SOMEONE TO BRING THE MEDICATION, BUT IT WAS NOT DELIVERED FOR 2 MORE DAYS. PLAINTIFF CONTINUED TO SUFFER PAIN UNNECESSARILY DURING THAT TIME AND WAS NEVER OFFERED AN OPPORTUNITY TO GO TO THE HOSPITAL. ONLY 5 OF THE 10 DOSES PRESCRIBED WERE DELIVERED. MEANWHILE PRESCRIPTION EXPIRED CAUSING ADDITIONAL DELAYS REQUIRING A NEW VISIT TO THE NURSE PRACTITIONER. THERE WAS NEARLY A TWO WEEK DELAY IN GETTING ANOTHER PRESCRIPTION. SIMULTANEOUSLY PLAINTIFF WAS USING TYLENOL, ASPIRIN, MOBIC FOR PAIN.

23. GRIEVANCES WERE WRITTEN FOR EACH OF THESE INCIDENTS AND SUPERVISOR MELINDA STEPHENS RESPONDED SAYING "SHE WOULD LOOK INTO IT". NEVER DID THEY RESOLVE THE ISSUES OR MAKE ADJUSTMENTS TO ENSURE THE DELIVERY OF PROMISED MEDICAL SERVICES.

24. ASSIGNED NURSES FAILED TO DELIVER MEDICATION TO PLAINTIFF PRIOR TO GOING TO COURT, WHICH IS REQUIRED BY POLICY, ON JUNE 19, 2019 AND JUNE 20, 2019. UPON RETURNING FROM COURT PLAINTIFF WAS AGAIN DENIED HIS PAIN MEDICATION UNTIL AT LEAST 9 P.M.

9

25. ON ONE OCCASION OFFICER SHANNON BELL WAS ESCORTING NURSE TAYLOR WALL TO DELIVER EVENING MEDS AND I QUESTIONED HER ABOUT WHERE WAS MY MUSCLE RELAXANT PRESCRIPTION AND WHAT WAS TAKING SO LONG AND I ADVISED HER I WAS IN CONTINUOUS NON-STOP SEVERE PAIN. WALL'S RESPONSE WAS "I CAN'T GO GET THAT FOR YOU, YOU'RE NOT THE ONLY PERSON HERE I HAVE TO TAKE CARE OF". OFFICER BELL THEN SLAMMED THE PIE FLAP SHUT ANNOUNCING "YOU DON'T GET TO HAVE ANY MEDS TONIGHT", THEN TOOK NURSE WALL TO THE NEXT CELL. NURSE WALL DID NOT OBJECT AND MY ASKING ABOUT MY PRESCRIPTION WAS DONE IN A CALM MANNER. NURSE WALL NEVER GAVE ME MEDS THAT NIGHT. BOTH BELL AND WALL DISPLAYED A DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS.

26. IN LATE MARCH 2019 PLAINTIFF'S NAILS WERE IN NEED OF ATTENTION AND A REQUEST FOR THAT SERVICE WAS MADE. PLAINTIFF IS A KNOWN DIABETIC WITH INGROWN NAILS. IT IS IMPERATIVE THAT A DIABETIC TAKE EXTREMELY GOOD CARE OF THEIR FEET FOR FEAR OF LOSING THEM. AFTER AT LEAST A MONTH AFTER REQUESTING PLAINTIFF WAS FINALLY ALLOWED AN OPPORTUNITY TO CUT HIS NAILS ON APRIL 27, 2019. HOWEVER, ON INFORMATION AND BELIEF LT. CONRAD ORDERED STAFF AND NURSES TO KEEP PLAINTIFF'S HANDS CONNECTED TO A BELLY CHAIN WHILE CUTTING HIS NAILS. THIS MAILS CUTTING FINGER NAILS VERY DIFFICULT AND IT IS IMPOSSIBLE TO REACH THE TOE NAILS,

10

ESSENTIALLY NULLIFYING THE SERVICE. THIS WAS COMPLETELY UNNECESSARY AS THERE WERE OTHER ALTERNATIVES AVAILABLE.

27. PLAINTIFF'S TOE NAILS ARE INGROWN WHICH ARE QUITE PAINFUL. THE LONGER THE TIME BETWEEN CUTTINGS THE MORE PAINFUL THEY BECOME AND THE DEEPER THEY GROW INTO THE SKIN. ONCE INTO THE SKIN IT IS NO LONGER A SIMPLE TRIM. TO RELIEVE PAIN THE NAILS MUST BE DUG OUT OF THE SKIN THEN MAINTAINED. DIGGING THE NAILS OUT OF THE SKIN INITIALLY OFTEN CAUSES BLEEDING. BLEEDING FEET FOR A DIABETIC IS A DANGEROUS AND SERIOUS MEDICAL CONDITION. SINCE PLAINTIFF WAS FORCED TO REMAIN IN CHAINS HE REQUESTED HELP FROM NURSE DAYNA WEST TO DIG OUT AND TRIM THE NAILS. NURSE WEST WAS SQUEAMISH WITH A DISTORT FACE SAYING "EW, I'M NOT GOING TO OUT THOSE" REFUSING TO PERFORM THE NECESSARY MEDICAL TREATMENT. OTHER NURSES PRIOR TO THIS DATE ALSO REFUSED TO HELP WITH NAILS CITING IT WAS AGAINST POLICY. REQUESTS FOR PODIATRIST WERE ALSO DENIED. THEREFORE, PLAINTIFF MUST TAKE CARE OF IT HIMSELF WHEN PERMITTED.

28. PLAINTIFF FILED GRIEVANCES ON THIS ISSUE AND MS JOYNER RESPONDED THAT PLAINTIFF SHOULD ADVISE MEDICAL OF MY ISSUES, WHICH WAS DONE FIRST AND NUMEROUS TIMES BECAUSE THEY PROVIDE THE CLIPPERS. THEY CANNOT HELP ME BECAUSE

11

OF POLICY AND NOW THE PROBLEM HAS BECOME CIRCULAR.

29. BOTH NURSE AMBER DAME AND NURSE ASHLEY VOLLER ADVISED PLAINTIFF THAT DELAYS IN PROVIDING NAILS SERVICES TO INMATES IN CHAINS OFTEN REVOLVES AROUND IF LT THOMAS CONRAD IS WORKING. ON INFORMATION AND BELIEF CONRAD IS A PROXIMATE CAUSE AND CONTRIBUTOR TO THE PROBLEM BECAUSE HE ISSUES ORDERS TO STAFF AND NURSES TO "NOT ALLOW THE NURSES ASSIGNED TO NAIL CUTTING DUTY INTO THE BUILDING" (WHERE PLAINTIFF RESIDED). THIS CAUSED EXESSIVE DELAYS BETWEEN TRIMMING OPPURTUNITIES, THE LONGER THE DELAY THE MORE PAIN SUFFERED.

30. AS OF JULY 24, 2019 PLAINTIFF IS IN PAIN DUE TO INGROWN NAILS. PLAINTIFF HAS PUT IN AT LEAST 4 NAIL CUTTING REQUESTS OVER THE LAST 6-7 WEEKS FOR SERVICE WITHOUT A RESPONSE.

31. ON OR ABOUT SEPTEMBER 4, 2019 PLAINTIFF COLLAPSED DUE TO INTERNAL BLEEDING. PLAINTIFF'S BLOOD PRESSURE FELL TO 70 OVER 20, BARELY SURVIVING. PLAINTIFF DEVELOPED A HOLE IN HIS STOMACH AREA REQUIRING SEVERAL ENDOSCOPY SURGERIES TO STOP THE BLEEDING. ON INFORMATION AND BELIEF THE CAUSE FOR THIS WAS WELLPATH'S MEDICAL STAFF AND MARK BAILEY, THE NURSE PRACTITIONER, ISSUING AND PROVIDING TOO MANY INSAID MEDICATIONS WHICH TRAINED DOCTORS AND NURSES SHOULD KNOW NOT TO DO.

12

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO ALL CLAIMS AND ALL DEFENDANTS.

## CLAIMS FOR RELIEF

33. THE FAILURE OF DEFENDANTS WELLPATH, JENNY JAYNES, AND THE DENTIST KRYSTAL LEWIS TO PERFORM NEEDED AND NECESSARY DENTAL CARE SERVICES BREACHES THEIR DUTY TO EXERCISE ORDINARY AND REASONABLE CARE FOR THE PRESERVATION OF PLAINTIFF'S HEALTH AND LIFE FROM AND OBVIOUS SERIOUS MEDICAL NEED, EVEN A LAY PERSON WOULD RECOGNIZE IT, CONSTITUTES DELIBERATE INDIFFERENCE IN VIOLATION OF THE DUE PROCESS CLAUSE AND THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION AND ALSO CONSTITUTES NEGLIGENCE AND MALPRACTICE UNDER TENNESSEE STATE LAW.

34 THE LONG DELAY IN GETTING DENTAL HEALTH SERVICES CONSTITUTE A CAUSE OF ACTION UNDER THE DUE PROCESS CLAUSE AND THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION AND DENIAL OF PROGRAMS UNDER AMERICANS WITH DISABILITY ACT AND REHABILITATION ACT. IT ALSO CONSTITUTES THE TORT OF NEGLIGENCE UNDER TENNESSEE STATE LAW.

35. THE ACTIONS OF WELLPATH THROUGH THEIR STAFF OF NURSES

13

IN DELAYING TOE NAIL CUTTINGS, AND ACTIONS OF METRO THROUGH THEIR EMPLOYEE LT. THOMAS CONRAD INTENTIONALLY KEEPING PLAINTIFF'S HANDS ATTACHED TO A BELLY CHAIN SO HE COULD NOT TAKE CARE OF HIS SERIOUS MEDICAL NEEDS, AND LEADING TO ADDITIONAL PAIN, DOES CONSTITUTE DELIBERATE INDIFFERENCE AND FAILS TO MEET THE STANDARD OF CARE REQUIRED, AND FOR INTENTIONALLY KEEPING NURSES FROM ENTERING PLAINTIFF'S HOUSING UNIT ALL IN VIOLATION OF DUE PROCESS CLAUSE AND THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND CONSTITUTE THE TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TENNESSEE STATE LAW.

36. FAILURE OF DEFENDANTS METRO, WELLPATH AND THEIR STAFFS TO ENSURE INMATES RECEIVE ACTUAL DENTAL CARE AND NOT JUST CURSORY OR VISUAL EXAMINATIONS OR EXTRACTIONS CONSTITUTE DELIBERATE INDIFFERENCE IN VIOLATION OF PLAINTIFF'S DUE PROCESS AND EIGHTH AMENDMENT RIGHTS PROVIDED IN THE CONSTITUTION FOR THE UNITED STATES AND THE TORT OF NEGLIGENCE UNDER TENNESSEE STATE LAW.

37. FAILURE OF DEFENDANTS METRO AND WELLPATH TO PROVIDE MEANINGFUL MEDICAL AND DENTAL CARE CONSTITUTES A BREACH OF CONTRACT AS TO PLAINTIFF AS A "THIRD-PARTY BENEFICIARY" OF THE CONTRACT.

14

RELIEF REQUESTED

WHEREFORE, PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF:

A. ISSUE DECLARATORY JUDGMENT STATING THAT:

1. FAILURE OF DEFENDANTS METRO, WELLPATH, KRYSTAL LEWIS AND JENNY JAYNES TO PROVIDE PLAINTIFF WITH MEANINGFUL DENTAL CARE IN 37 MONTHS VIOLATES PLAINTIFF RIGHTS UNDER DUE PROCESS CLAUSE, THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND A DENIAL OF PROGRAMS UNDER AMERICANS WITH DISABILITIES ACT AND CONSTITUTE NEGLIGENCE AND MALPRACTICE UNDER TENNESSEE STATE LAW, AND THE REHABILITATION ACT.

2. FAILURE OF DEFENDANTS METRO, WELLPATH AND THEIR STAFFS TO PROVIDE PAIN RELIEVING TOE NAIL CARE IN A TIMELY FASHION AND KEEPING PLAINTIFF IN CHAINS THAT ARE ATTACHED TO HANDCUFFS AND THE LONG DELAY IN PROVIDING CARE FOR A SERIOUS MEDICAL CONDITION AND FAILING TO DELIVER THE PRESCRIBED MEDICAL IS CRUEL AND UNUSUAL AND VIOLATES PLAINTIFF'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONSTITUTES NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TENNESSEE STATE LAW.

15

3. EFFORTS OF DEFENDANTS METRO, WELLPATH AND THEIR STAFFS THROUGH CONTRACTUAL ARRANGEMENT, COMMUNICATIONS, OR THROUGH CUSTOMARY PRACTICES TO SYSTEMATICALLY DEPRIVE INMATES, INCLUDING PLAINTIFF, OF THEIR MEDICARE PROGRAMS CONSTITUTES A VIOLATION OF EQUAL PROTECTION OF FOURTEENTH AMENDMENT TO CONSTITUTION OF UNITED STATES AND OF THE AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT.

4. FAILURE OF DEFENDANTS METRO AND WELLPATH TO PROVIDE MEANINGFUL MEDICAL AND DENTAL CARE CONSTITUTE A BREACH OF CONTRACT AS TO "THIRD-PARTY BENEFICIARIES" OF A CONTRACT UNDER TENNESSEE STATE LAW.

5. FAILURE OF DEFENDANTS METRO, WELLPATH, THOMAS CONRAD AND THEIR STAFFS TO ENSURE PLAINTIFF RECEIVES TIMELY AND ADEQUATE MEDICAL AND DENTAL CARE VIOLATED PLAINTIFF'S RIGHTS UNDER DUE PROCESS AND EQUAL PROTECTION CLAUSES TO THE UNITED STATES CONSTITUTION, THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT AS A KNOWN DIABETIC.

B. ISSUE AN INJUNCTION ORDERING:
1. DEFENDANTS METRO AND WELLPATH TO IMMEDIATELY

16

AND WITHOUT DELAY PROVIDE PLAINTIFF WITH DENTAL
CARE ADDRESSING HIS SERIOUS MEDICAL NEEDS OF A BROKEN
TOOTH WITH A CROWN, TREATMENTS DEALING WITH BLEEDING
GUMS AND A DEEP CLEANING OF HIS TEETH UTILIZING A
COMPETENT AND APPROPRIATE SPECIALIST LICENSED IN THE
STATE OF TENNESSEE

2. DEFENDANT METRO TO IMMEDIATELY UPDATE JAIL POLICIES
REQUIRING PROMPT ATTENTION AND SERVICES TO EVERY
MEDICAL AND DENTAL SICK CALL REQUEST AND TO INSTITUTE
A PLAN WHERE EVERY INMATE HELD OVER ONE YEAR IS
ENTITLED TO AT LEAST TEETH CLEANING SERVICES,
EMERGENCY REPAIRS AND ACCESS TO DENTAL FLOSS AND
FLOSS STICKS FROM STAFF AND THROUGH ORDERING
ON THE COMMISSARY SYSTEM. ALSO, TO UPDATE THE
POLICIES ON NAIL CARE PROVIDING A METHOD EVERY
INMATE CAN HAVE ADEQUATE ACCESS TO THEIR HANDS
AND FEET TO SUCCESSFULLY CUT THEIR NAILS OR TO
PROVIDE A PROFESSIONAL TO DO IT FOR THEM. FINALLY,
TO UPDATE POLICIES ON GIVING MORNING MEDICATIONS
REQUIRING STAFF TO PREPARE AND ENSURE DISTRIBUTION
OF MEDICATION TO INMATES BEFORE LEAVING FOR COURT,
EVEN THOSE IN THE SEGREGATED HOUSING UNIT (SHU).
ALL THIS WITH PENALTIES FOR FAILURE TO COMPLY.

17

C. AWARD AMERICANS WITH DISABILITIES ACT COMPENSATORY DAMAGES AS SPECIALLY PROVIDED IN THE ACT OF $50,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS METRO, WELLPATH, THOMAS CONRAD, AND DAYNA WEST.

D. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:
1. $45,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS WELLPATH, KRYSTAL LEWIS AND JENNY JAYNES FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS IN FAILING TO PROVIDE MEANINGFUL DENTAL CARE.

2. $20,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS WELLPATH, KRYSTAL LEWIS AND JENNY JAYNES FOR THE TORT OF NEGLIGENCE FOR FAILING TO PROVIDE REASONABLE CARE AND FOR PHYSICAL AND EMOTIONAL INJURY AND FOR PAIN AND SUFFERING.

3. $50,000 AGAINST KRYSTAL LEWIS, A LICENSED DENTIST, FOR TORT OF MEDICAL/DENTAL MALPRACTICE FOR FAILING HER PROFESSIONAL DUTY OF CARE AND FAILING TO PROVIDE REASONABLE CARE AND FOR PHYSICAL AND EMOTIONAL INJURY AND FOR PAIN AND SUFFERING.

4. $15,000 EACH AGAINST DEFENDANT NURSES TAYLOR WALL, AMBER DAME AND OFFICER SHANNON BELL FOR IGNORING

18

PLAINTIFF'S CRIES FOR HELP WHEN HE WAS IN EXCRUCIATING PAIN

5. $25,000 AGAINST NURSE PRACTITIONER MARK BAILEY FOR NOT ENSURING PLAINTIFF RECEIVED HIS PAIN MEDICATION AND FOR EXESSIVE USE OF INSAID MEDS CONSTITUTING NEGLIGENCE AND MALPRACTICE.

6. $25,000 JOINTLY AND SENERALLY AGAINST DEFENDANT WELLPATH AND METRO FOR BREACH OF CONTRACT AS TO "THIRD-PARTY BENEFICIARIES" TO THE CONTRACT, SPECIFICALLY TO PLAINTIFF

7. $60,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS WELLPATH, NURSE WALL, NURSE WEST, NURSE DAME AND THOMAS CONRAD FOR THEIR ROLE IN CONSPIRING TO DEPRIVE INMATES, INCLUDING PLAINTIFF, OF THEIR RIGHTFUL BENEFIT OF QUALITY MEDICAL AND DENTAL CARE UNDER COLOR OF LAW.

E. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:
   1. $75,000 EACH AGAINST DEFENDANTS METRO AND WELLPATH
   2. $50,000 AGAINST DEFENDANT THOMAS CONRAD.
   3. $40,000 EACH AGAINST DEFENDANTS JENNY JAYNES, KRYSTAL LEWIS, MARK BAILEY, AMBER DAME, TAYLOR WALL, DAYNA WEST AND SHANNON BELL.

19

F. PLAINTIFF SEEKS TO RECOVER COSTS OF THIS ACTION TO INCLUDE ANY REASONABLE ATTORNEY FEES.

G. GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED, OR THE COURT DEEMS JUST, PROPER AND EQUITABLE.

DATED: NOVEMBER 12, 2021

RESPECTFULLY SUBMITTED

*Gary A Montgomery*
GARY MONTGOMERY
DCSO #548597
P.O. BOX 196383
NASHVILLE, TN 37219

VERIFICATION

I HAVE READ THE FOREGOING AMENDED COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED HEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

20

LEGAL MAIL

RECEIVED
NOV 19 2021
US DISTRICT COURT
MID DIST TENN

UNITED STATES DISTRICT COURT CLERK
801 BROADWAY
NASHVILLE, TN 37203

NAME GARY MONTGOMERY
OCA IF 548557
DAVIDSON COUNTY SHERIFF'S OFFICE
PO BOX 196383
NASHVILLE TN 37219-6383

LEGAL MAIL

LEGAL MAIL

SHIPPED BY CORRECTIONAL
INSTITUTION. INMATE BEARS ALL
RESPONSIBILITY FOR CONTENT.