UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY MONTGOMERY,

    Plaintiff,

v.

WELLPATH MEDICAL et al.,

    Defendants.

Case No. 3:19-cv-00675

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## ORDER

In this civil rights action brought under 42 U.S.C. § 1983, pro se Plaintiff Gary Montgomery alleges that Defendants Wellpath Medical, LLC; the Metropolitan Government of Nashville and Davidson County (Metro); Lieutenant Thomas Conrad; Correctional Officer Shannun Bell; Nurses Taylor Wall, Amber Dame, Dayna West, and Mark Bailey; Dentist Krystal Lewis; and Dental Technician Jenny Jaynes violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by depriving him of medical and dental care while detained pretrial in the custody of the Davidson County Sheriff's Office (DCSO). (Doc. No. 78.) On November 9, 2021,[1] Montgomery filed a motion stating that DCSO staff

---

[1] Under the standard governing filings by pro se incarcerated litigants—known as the "prison mailbox rule"—"a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Id.* Because Montgomery is in the custody of the DCSO, all dates for his filings discussed in this Order refer to the dates on which Montgomery signed his filings. Montgomery signed the motion concerning his legal files and property on November 9, 2021. The Court therefore finds that the motion was handed over to DCSO officials for mailing on that date.

members[2] have confiscated Montgomery's legal files, "instituted a rule where [Montgomery] could not get a legal file unless he first gave them a file of equivalent size[,]" and are "threatening to throw away all [of Montgomery's] property." (Doc. No. 76, PageID# 369, ¶¶ 3, 4.) Montgomery seeks "an order[ ] allowing him unfettered access to his legal papers and [requiring] jail staff not to dis[c]ard his property[.]" (*Id.* at PageID# 369.) Metro responds that Montgomery's motion concerning his legal files and property should be denied because giving Montgomery the relief he seeks would violate DCSO policy and because Montgomery's "allegations regarding his property and access to legal documents . . . are currently being litigated in a separate lawsuit" Montgomery filed in this Court, *Montgomery v. Hall*, Case No. 3:19-cv-01113. (Doc. No. 79, PageID# 395–96.) Montgomery has not filed a reply.

To the extent that Montgomery's motion could be construed as a motion for immediate injunctive relief, it will be denied because it does not comply with the requirements of Federal Rule of Civil Procedure 65 or Local Rule 65.01, which govern applications for preliminary injunctions and temporary restraining orders in this Court. *See* Fed. R. Civ. P. 65; M.D. Tenn. R. 65.01 (applications for temporary restraining order).

Further, even if Montgomery had complied with those procedural requirements, the relief he seeks would not be available. Montgomery's claims in this case are based on his allegations that the defendants were deliberately indifferent to his serious medical needs. (Doc. No. 78.) Montgomery's motion concerning his legal files and property (Doc. No. 78) is unrelated to those claims and asks the Court to address actions taken by individuals who are not parties to this case. *Cf. King v. Tangilag,* No. 5:15-cv-P185, 2017 WL 366355, at *2 (W.D. Ky. Jan. 20, 2017)

---

[2] In a later filing, Montgomery has identified Sergeant Hibbs as an individual who took away his legal folders and Case Manager V. Pierce as an individual who "refuses to retrieve these active folders[.]" (Doc. No. 120, PageID# 613.) Neither of those individuals is a party to this action.

(denying plaintiff's motion to enjoin jail staff from harassing and threatening him and interfering with his access to legal materials because "these alleged actions have no connection to the subject matter of [p]laintiff[']s lawsuit—deliberate indifference to a serious medical need"); *see also id.* (expressing doubt as to whether the court had jurisdiction to grant requested relief against "officials who are not parties to this action"). Even if he had complied with the requirements of Federal Rule of Civil Procedure 65 and Local Rule 65.01, Montgomery may not seek relief in this action that is unrelated to the claims that are before the Court.

Finally, Montgomery argues that his ability to prosecute the present case has been hampered because lack of access to his legal files has prevented him "from filing motions and responses in a timely fashion." (Doc. No. 76, PageID# 369, ¶ 2.) The docket reflects that Montgomery has filed several requests for extensions of time based on restricted access to his legal files (Doc. No. 75, 95), which the Court has granted (Doc. Nos. 77, 96). The docket also reflects Montgomery's ability to actively pursue his claims in this action.

Accordingly, Montgomery's motion concerning his legal files and property (Doc. No. 76) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge