UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-00675 |
| WELLPATH MEDICAL et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 127) recommending that the Court grant in part and deny in part the motions to dismiss filed by the Metropolitan Government of Nashville and Davidson County ("Metro") and Thomas Conrad. (Doc. Nos. 82, 84). Because no objections have been filed, the district court is not required to review the R&R *de novo*. Thomas v. Arn, 474 U.S. 140, 151 (1985).

The Court has nonetheless reviewed the R&R *de novo* and the record in accordance with Rule 72 of the Federal Rules of Civil Procedure. Accordingly, the Magistrate Judge's R&R (Doc. No. 127) is **APPROVED** and **ADOPTED**. Metro's and Conrad's motions to dismiss (Doc. Nos. 82, 84) are **GRANTED IN PART AND DENIED IN PART**. Metro's motion (Doc. No. 82) is **GRANTED** as to Montgomery's § 1983 claims based on his requests for prophylactic dental care and his requests for a better mattress and extra blanket; Montgomery's ADA and Rehabilitation Act claims; and Montgomery's state law claims for intentional infliction of emotional distress, breach of contract, and negligence, and those claims are **DISMISSED**. Conrad's motion (Doc. No. 84) is **GRANTED** as to Montgomery's intentional infliction of emotional distress claim and all claims brought against Conrad in his official capacity, and those claims are **DISMISSED**. The

motions are **DENIED** as to all other claims. This case is returned to the Magistrate Judge for customized case management.

    IT IS SO ORDERED.

                                              _____
                                              WAVERLY D. CRENSHAW, JR.
                                              CHIEF UNITED STATES DISTRICT JUDGE