UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY,<br><br>    Plaintiff,<br><br>v.<br><br>WELLPATH MEDICAL et al.,<br><br>    Defendants. | Case No. 3:19-cv-00675<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |
| GARY MONTGOMERY,<br><br>    Plaintiff,<br><br>v.<br><br>KENDRA WHIDBEE et al.<br><br>    Defendants. | Case No. 3:19-cv-00747<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses pro se Plaintiff Gary Montgomery's emergency motion for injunctive relief filed in *Montgomery v. Wellpath Medical*, case number 3:19-cv-00675 (R 675), and *Montgomery v. Whidbee*, case number 3:19-cv-00747 (R 747). Montgomery has filed identical emergency motions for injunctive relief in both actions (R. 675, Doc. No. 121; R. 747, Doc. No. 57), and in three other civil rights actions currently pending before this Court: Mot. for Emergency Injunctive Relief, *Montgomery v. Hall*, No. 3:19-cv-01113 (M.D.

Tenn. Apr. 19, 2022),[1] ECF No. 22; Mot. for Emergency Injunctive Relief, *Montgomery v. Gentry*, No. 3:20-cv-00406 (M.D. Tenn. Apr. 19, 2022), ECF No. 22; Mot. for Emergency Injunctive Relief, *Montgomery v. Conrad*, No. 3:21-cv-00820 (M.D. Tenn. Apr. 19, 2022), ECF No. 12.[2] Defendants the Metropolitan Government of Nashville and Davidson County (Metro) and Lieutenant Thomas Conrad have responded in opposition to the emergency motion for injunctive relief (R. 675, Doc. No. 124), as has Defendant Kinya Jamison (R. 747, Doc. No. 58).

For the reasons that follow, the Magistrate Judge will recommend that Montgomery's motions be denied.

I.      **Factual and Procedural Background**

In *Montgomery v. Wellpath Medical*, Montgomery alleges that Defendants Wellpath Medical, LLC; Correctional Officer Shannun Bell; Nurses Taylor Wall, Amber Dame, and Dayna West; Nurse Practitioner Mark Bailey; Dentist Krystal Lewis; Dental Technician Jenny Jaynes; Metro; and Conrad violated his rights under state and federal law by failing to provide him with adequate medical and dental care. (R. 675, Doc. No. 78.) In *Montgomery v. Whidbee*, Montgomery

---

[1]      Under the standard governing filings by pro se incarcerated litigants—known as the "prison mailbox rule"—"a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Id.* Because Montgomery is incarcerated, the Court deems his emergency motion for injunctive relief to be filed on the date it was signed, which is April 19, 2022. (R. 675, Doc. No. 121; R. 747, Doc. No. 57.)

[2]      The Court denied Montgomery's motion for injunctive relief in *Montgomery v. Conrad*, No. 3:21-00820, 2022 WL 2707723 (July 12, 2022), *adopting report and recommendation*, 2022 WL 2154864 (June 14, 2022), and *Montgomery v. Gentry*, No. 3:20-cv-00406, 2022 WL 2921139 (M.D. Tenn. July 22, 2022), *adopting report and recommendation*, 2022 WL 3269943 (M.D. Tenn Aug. 10, 2022). A report and recommendation recommending denial is pending in *Montgomery v. Hall*, No. 3:19-cv-01113, 2022 WL 2931874 (M.D. Tenn. July 22, 2022).

alleges that his right to vote was violated during his detention in DCSO custody. (R. 747, Doc. No. 1.)

On November 9, 2021, Montgomery filed a motion in *Montgomery v. Wellpath Medical, LLC*, stating that DCSO staff members had confiscated his legal files, limited his access to those files, and threatened to throw away his property. (R. 675, Doc. No. 76.) Montgomery sought "an order[ ] allowing him unfettered access to his legal papers and [requiring] jail staff not to dis[c]ard his property[.]" (*Id.* at PageID# 369.) The Court denied Montgomery's motion concerning his legal files and property, finding that it was not a properly filed motion for a preliminary injunction or for a temporary restraining order under this Court's Local Rules or the Federal Rules of Civil Procedure. (R. 675, Doc. No. 123.) The Court further noted that the relief Montgomery requested was not available because it was "unrelated to the claims that are before the Court" and was directed at individuals who are not parties to this action. (*Id.* at PageID# 634.) The Court also observed that Montgomery had requested and received numerous extensions of time based on his restricted access to his legal files, indicating that he had the "ability to actively pursue his claims in this action." (*Id.*)

Montgomery has now filed an emergency motion for injunctive relief in both cases. (R. 675, Doc. No. 121; R. 747, Doc. No. 57.) Montgomery states that DCSO "demanded [he] keep his legal files (criminal and civil) in a closet without any immediate access[,]" "allows [him] only one hour per week to look at his files[,]" and "allow[s] [him] to trade files each week on a limited . . . basis . . . ." (R. 675, Doc. No. 121, PageID# 618, ¶ 5; R. 747, Doc. No. 57, PageID# 252, ¶ 5.) Montgomery also alleges that he is being harassed by Sergeants Nathan Hibbs and f/n/u Bolton, and that Hibbs confiscated Montgomery's Federal Rules of Civil Procedure, a litigation handbook, dictionaries, and a Bible on March 24, 2022, "hindering . . . [Montgomery's] ability to write or

3

respond to motions or court orders" and to help other detainees with their legal briefs. (*Id.* at ¶¶ 6, 7.) Montgomery states that, on March 24 and April 19, 2022, Hibbs also took away a tablet that Montgomery used to access legal materials and that Hibbs confiscated Montgomery's legal papers on April 19, 2022, and placed the files in permanent storage. (R. 675, Doc. No. 121; R. 747, Doc. No. 57.) Montgomery asks the Court to "issue an order for all of [his] cases ordering DCSO to cease and desist confiscating legal material from [him] or from placing them in permane[n]t storage out of [Montgomery's] reach[.]" (R. 675, Doc. No.. 121, PageID# 620; R. 747, Doc. No. 57, PageID# 254.) Montgomery also asks the Court "to order . . . Hibbs and Bolton [to] cease all harassment activities against [Montgomery]." (*Id.*) Montgomery attached copies of several grievances related to his access to tablets and legal materials. (R. 675, Doc. No. 121; R. 747, Doc. No. 57.)

Metro, Conrad, and Jamison have responded in opposition to Montgomery's motion for injunctive relief, arguing that the motion "should be denied because (1) his motion does not comply with the procedural requirements for injunctions and temporary restraining orders, (2) the relief [Montgomery] seeks is unrelated to his claims currently before the Court in th[ese] matter[s], and (3) [Montgomery] has demonstrated his ability to pursue his claims in the absence of the relief sought." (R. 675, Doc. No. 124, PageID# 635; R. 747, Doc. No. 58, PageID# 263.)

II.     **Legal Standard**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Under Rule 65(a)(1), "the court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Rule 65(b) provides for the issuance of a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ.

P. 65(b)(1)(A). The rule further requires that the moving party's attorney must certify in writing efforts made to give notice and why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). This Court's Local Rule 65.01(c) requires "strict compliance" with Rule 65 and states that a pro se moving party, like counsel, must "certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required." M.D. Tenn. Rule 65.01(c) (compliance with Federal Rule 65). Local Rule 65.01(b) requires that each motion for a temporary restraining order "must be accompanied by a separately filed affidavit or verified written complaint, a memorandum of law, and a proposed order." M.D. Tenn. Rule 65.01(b) (written complaint and memorandum).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be had." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). In determining whether to grant a preliminary injunction or temporary restraining order, the Court must consider whether the moving party has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (noting that the same four factors apply in determining whether to grant a temporary restraining order). "These factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction." *Leary*, 228 F.3d at 736; *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).

"[T]he preliminary injunction is an 'extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied "only in [the] limited circumstances" which clearly

demand it,'" *Leary*, 228 F.3d at 736 (alteration in original) (quoting *Direx Isr., Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)), and is "never awarded as of right," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739. Montgomery, as the moving party, has the burden of proving that the circumstances "clearly demand" the injunctive relief he seeks. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

### III. Analysis

Montgomery's motion for injunctive relief should be denied. To the extent that the motion can be construed as requesting a temporary restraining order, Montgomery has not provided the documents and information required by Federal Rule of Civil Procedure 65(b) and Local Rule 65.01(b). *See* Fed. R. Civ. P. 65(b)(1)(A)–(B); M.D. Tenn. R. 65.01(b) (written complaint and memorandum). *See Shirley v. Simms*, No. 3:22-CV-00091, 2022 WL 993893, at *3 (M.D. Tenn. Apr. 1, 2022) (denying plaintiff's motion for temporary restraining order, finding that, because plaintiff failed to comply with Federal Rules of Civil Procedure 65(b)(1)(A) and (B) and Local Rules 65.01(b) and (c), he "ha[d] not . . . placed specific facts before the [c]ourt in a manner allowing it to fairly evaluate a request for injunctive relief on the merits").

Even if Montgomery had complied with the procedural requirements for obtaining a temporary restraining order or preliminary injunction, he has not shown that he entitled to the injunctive relief he seeks. Montgomery may not obtain injunctive relief that is unrelated to the claims in the underlying cases. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (alteration in original) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose
6

of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (alterations in original) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Montgomery's claims in *Montgomery v. Wellpath Medical* are based on his allegations that the defendants were deliberately indifferent to his serious medical and dental needs (R. 675, Doc. No. 78), while his claims in *Montgomery v. Whidbee* are based on his attempts to vote while in DCSO custody (R. 747, Doc. No. 1). His motion for injunctive relief, on the other hand, concerns his access to legal materials and harassment by two jail employees who are not defendants to these cases. (R. 675, Doc. No. 121; R. 747, Doc. No. 57.) Because Montgomery seeks relief that is entirely unrelated to his claims in these cases, his motion for injunctive relief should be denied. *See King v. Tangilag*, No. 5:15-cv-P185, 2017 WL 366355, at *2 (W.D. Ky. Jan. 20, 2017) (denying plaintiff's motion to enjoin jail staff from harassing and threatening him and interfering with his access to legal materials because "these alleged actions have no connection to the subject matter of [p]laintiff['] s lawsuit—deliberate indifference to a serious medical need"); *Jefferson v. CoreCivic*, No. 3:21-cv-00776, 2022 WL 164988, at *2 (M.D. Tenn Jan. 18, 2022) (denying motion for preliminary injunction that was "not tethered to any underlying claim, much less one on the merits of which [plaintiff] is likely to succeed").

Nor has Montgomery shown that injunctive relief is necessary to avoid irreparable harm. The dockets in both cases reflect that, despite his asserted difficulties in accessing legal materials, Montgomery has continued to actively litigate both cases during the period of time he alleges his access to legal materials has been restricted. (R. 675, Doc. Nos. 120, 121, 125, 126; R. 747, Doc. Nos. 51, 52, 57, 64–66, 69–71.) Several of Montgomery's filings from this period contain citations

to legal authority, indicating that Montgomery has been able to conduct legal research. (R. 747, Doc. Nos. 51, 52, 64.) As the Court noted in the order denying Montgomery's earlier motion related to his legal files in *Montgomery v. Wellpath Medical*, "Montgomery has filed several requests for extensions of time based on restricted access to his legal files (Doc. No. 75, 95), which the Court has granted (Doc. Nos. 77, 96)." (R. 675, Doc. No. 123, PageID# 634.) Because Montgomery has not shown that he will suffer irreparable harm without the injunctive relief he requests, the second factor weighs against granting his motion. *See Leary*, 228 F.3d at 736.

The third and fourth factors also weigh against granting Montgomery's motion. *See id.* As Magistrate Judge Holmes noted in her analysis of the identical motion filed in *Montgomery v. Conrad*, "[t]he balancing of harms required by the third factor . . . does not weigh in favor of the requested relief, and [Montgomery] has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor." No. 3:21-cv-00820, 2022 WL 2154864, at *2 (M.D. Tenn. June 14, 2022), *report & recommendation adopted by* 2022 WL 2707723 (July 12, 2022). Nor has Montgomery shown any "extraordinary and urgently compelling reasons" for the Court to "intervene in matters such as the day-to-day operations in a correctional facility." *Id.* (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). Because Montgomery has not shown that he is entitled to the injunctive relief he seeks, Montgomery's motion should be denied.

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Montgomery's emergency motions for injunctive relief (R. 675, Doc. No. 121; R. 747, Doc. No. 57) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of January, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge