UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY,<br><br>    Plaintiff,<br><br>v.<br><br>WELLPATH MEDICAL et al.,<br><br>    Defendants. | Case No. 3:19-cv-00675<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

This civil rights action brought under 42 U.S.C. § 1983 arises from pro se Plaintiff Gary Montgomery's pretrial detention in the custody of the Davidson County Sheriff's Office (DCSO). (Doc. No. 78.) The docket reflects that service has not been perfected on Defendant Correctional Officer Shannun Bell. On March 31, 2022, the Court ordered Montgomery to show cause why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 4(m). (Doc. No. 119.) Montgomery filed a response to the show-cause order and motion to subpoena Bell's personnel file from DCSO. (Doc. No. 120.) The Metropolitan Government of Nashville and Davidson County (Metro) responded in opposition to Montgomery's motion to subpoena Bell's personnel file (Doc. No. 122), and Montgomery filed a reply (Doc. No. 125).

For the reasons that follow, the Magistrate Judge will recommend that Montgomery's claims against Bell be dismissed for failure to effect service of process under Federal Rule of Civil Procedure 4(m) and Montgomery's motion to subpoena Bell's personnel file be denied.

I.       **Factual and Procedural Background**

Montgomery named Bell as a defendant in his first amended complaint. (Doc. No. 12.) The Court received a letter from Montgomery on March 30, 2020, stating that he had "enclosed a summons for . . . Bell" to be served at DCSO's "Harding Place Facility in the [Maximum Correctional Center] or [Correctional Development Center—Male] unit." (Doc. No. 15.) Due to an administrative error, the summons referenced in Montgomery's letter was not docketed and a summons addressed to Bell was not issued at that time. Instead, the Clerk of Court sent Montgomery a service packet for Bell on May 26, 2020, and Montgomery was ordered to return the completed service packet by June 16, 2020. (Doc. No. 39.) The docket indicates that this service packet was not returned.

When Montgomery named Bell as a defendant in his second amended complaint (Doc. No. 78), the Court sent Montgomery another service packet for Bell (Doc. No. 81). Montgomery returned that service packet and, on December 28, 2021, the Clerk's Office issued a summons addressed to Bell to be served by the U.S. Marshals Service. (Doc. No. 88.) The summons indicated that Bell should be served through Metro, but listed an address in Madison, Tennessee. (*Id.*) The Marshals Service informed the Court that the summons was incorrectly addressed and, at the Court's direction (Doc. No. 91), the Clerk's Office reissued a summons addressed to Bell to be served at the DCSO in Nashville, Tennessee (Doc. No. 92). The Marshals Service attempted to serve Bell at the DCSO, but returned the summons unexecuted on January 19, 2022, with a note stating that Bell was "no longer an employee with DCSO[.]" (Doc. No. 97, PageID# 497.)

The Court ordered "Sheriff Daron Hall or an authorized representative of the DCSO . . . to file a notice under seal providing" Bell's last known address. (Doc. No. 102, PageID# 500.) Metro filed a notice of Bell's last known address under seal (Doc. No. 106). The Court directed the Clerk of Court to reissue a sealed summons to Bell using that address and directed the Marshals Service

2

to attempt service of the sealed summons "at the provided address by means that will not disclose the address or otherwise violate the seal" (Doc. No. 108, PageID# 510). The Marshals Service attempted to serve Bell at the sealed address by certified and restricted mail, but the summons and complaint were returned unclaimed. (Doc. No. 118.)

The Court then ordered Montgomery to show cause why this action should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to effect service on Bell. (Doc. No. 119.) Montgomery filed a response to the show-cause order arguing that he "believed Bell was . . . served" because "all other defendants were served" by the Marshals Service. (Doc. No. 120, PageID# 613, ¶ 3.) Montgomery's response, which was docketed as a motion, states that he "has secured two process servers" but needs access to Bell's DCSO personnel records to obtain information needed to effect service on Bell. (*Id.* at ¶ 5.) He also states that DCSO personnel who are not parties to this case have restricted his access to his legal files, "including legal mail containing th[e] Court's order to show cause . . . ."[1] (*Id.* at ¶ 4.)

Metro responded in opposition to Montgomery's motion for access to Bell's personnel file. (Doc. No. 122.) Metro argues that Montgomery is not entitled to the information in Bell's personnel file at this stage in litigation and that providing that information would be futile because "service on . . . Bell has already been attempted multiple times by the U.S. Marshals Service, including at the officer's last known address." (*Id.* at PageID# 629.)

Montgomery filed a reply, stating that he had no reason to believe that Bell had not been served before receiving the Court's show-cause order. (Doc. No. 125.) Montgomery also argues that he should be given an opportunity to attempt to serve Bell through a process server, but that

---

[1] Montgomery's allegations concerning access to his legal files are the subject of his emergency motion for injunctive relief (Doc. No. 121), which will be addressed by separate Report and Recommendation.

he "needs, at a minimum, [Bell's] last known address, date of birth, and social security number." (Doc. No. 125, PageID# 641.)

## II. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United*

*States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Rule 4(c) "dovetails" with § 1915, *Byrd*, 94 F.3d at 219, by providing that "[t]he court must" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . ." Fed. R. Civ. P. 4(c)(3).

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915([d]) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

That does not mean, however, that an incarcerated pro se plaintiff proceeding *in forma pauperis* automatically shows good cause for extending the Rule 4(m) deadline when the Marshals Service has been unable to effect service of process on a defendant. Courts in this circuit consider the *in forma pauperis* plaintiff's conduct and the totality of the circumstances in determining whether good cause exists to extend the Rule 4(m) deadline. For example, in *Abel v. Harp*, 122 F. App'x 248, 252 (6th Cir. 2005), the Sixth Circuit considered the fact that the plaintiff diligently

attempted to contact the Marshals Service "when he knew there was a problem with service on the defendants" and also considered the fact that "[t]he Marshals Service [incorrectly] advised [the plaintiff that it had served all of the defendants" before holding that good cause existed to extend the Rule 4(m) deadline. *See also Byrd*, 94 F.3d at 200 (holding that good cause existed where "Marshals Service incorrectly informed plaintiff that it was taking care of the service of his summons when, in fact, no summons was issued at all"). By contrast, in *VanDiver v. Martin*, 304 F. Supp. 2d 934, 941, 942 (E.D. Mich. 2004), the court found that a pro se incarcerated *in forma pauperis* plaintiff failed to show good cause to extend the Rule 4(m) deadline where the plaintiff "remained silent after being put on notice that . . . Defendants had not been served" at the address he provided because the defendants "no longer worked for the Michigan Department of Corrections." *See also Freeman v. Collins*, No. 2:08-cv-00071, 2011 WL 4914873, at *5 (S.D. Ohio Aug. 15, 2011) (finding that pro se incarcerated *in forma pauperis* plaintiff failed to show good cause to extend Rule 4(m) deadline where he "took no action to cure the lack of service for a significant period . . .").

**III.     Analysis**

Montgomery argues that he should be provided with Bell's DCSO personnel file so that he can obtain service on Bell through a private process server. (Doc. No. 120.) However, Bell's former employer has already provided Bell's last known address (Doc. No. 106), and attempts by the Marshals Service to serve Bell at that address were unsuccessful (Doc. No. 118). Courts have recognized that "a *pro se* prisoner proceeding *in forma pauperis*" is "limited in his ability to obtain the current address of a former prison employee[,]" "especially in light of prison officials' reluctance to provide inmates with the home address of current or former employees." *Thomas v. McDowell*, Civ. Action No. 2:10-cv-152, 2011 WL 3438857, at *3 (S.D.Ohio Aug. 5, 2011). The United States Supreme Court also has made clear that federal "judges have no obligation to act as

counsel or paralegal to pro se litigants." *Piller v. Ford*, 542 U.S. 225, 231 (2004). Here, the Court and the Marshals Service have accommodated the limitations Montgomery faces as a pro se incarcerated plaintiff by extending the deadline for service, sending Montgomery a renewed service packet, attempting to serve Bell at multiple addresses, ordering the DCSO to file Bell's last known address under seal, and directing the Marshals Service to serve Bell at the sealed address. The Court has fulfilled any obligation it has to assist Montgomery with service of process. *Cf. Byrd*, 94 F.3d at 200.

Further, Montgomery's lengthy "silence and inaction" regarding service justifies dismissal of his claims against Bell. *See VanDiver*, 304 F. Supp.2d at 943. More than two years have passed since Bell was first named as a defendant (Doc. No. 12), yet Bell remains unserved. While the Court's administrative error prevented a summons from being issued for Bell in March 2020 (Doc. No. 15), Montgomery was placed on notice of this error when the Court sent him a renewed service packet for Bell on May 26, 2020 (Doc. No. 39). Yet Montgomery "took no action to cure the lack of service" on Bell for well over a year. *See Freeman*, 2011 WL 4914873, at *5. After Montgomery filed a second amended complaint, the Court exercised its discretion to allow Montgomery another opportunity to serve Bell. (Doc. No. 81.) Montgomery received notice that Bell had not been served when the summons addressed to Bell was returned unexecuted with a note stating that Bell was no longer employed by DCSO (Doc. No. 97),[2] but again took no action to cure the lack of service. On its own initiative, the Court ordered DCSO personnel to file Bell's last known address under seal (Doc. No. 102), but the Marshals Service was unable to serve Bell at that address (Doc. No. 118). Finally, the Court provided Montgomery the opportunity to show cause why this action

---

[2] A copy of this docket entry was served on Montgomery by mail on January 19, 2022. (Doc. No. 97.)

should not be dismissed under Rule 4(m) (Doc. No. 119), but Montgomery's response (Doc. No. 120) does not show cause for his failure to take action to cure the lack of service on Bell. The fact that Montgomery proceeds *in forma pauperis* does not relieve him of his responsibility to ensure that all defendants to his claims are properly served. *See VanDiver*, 304 F. Supp. 2d at 942; *Freeman*, 2011 WL 4914873, at *5. Accordingly, Montgomery's claims against Bell should be dismissed.

IV. **Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Montgomery's claims against Defendant Shannun Bell be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of January, 2023.

ALISTAIR E. NEWBERN
United States Magistrate Judge