UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-00675 |
| WELLPATH MEDICAL et al., | ) ) ) |
| Defendants. | ) |

# ORDER

More than fourteen days after the Magistrate Judge filed her Report and Recommendation ("R&R") (Doc. No. 144), Gary Montgomery filed an "Objection to Magistrates Report and Recommendation Filed 1/6/2023" on January 31, 2023. (Doc. No. 145). His objection is silent on why he did not timely file within the required fourteen-day period, so the R&R could be accepted and approved on that basis alone. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] party waives subsequent review by the district court . . . if it fails to file a[ timely] objection. . . . to a magistrate's report[.]"); see Allen v. Comm'r of Soc. Sec., No. 17-5960, 2018 WL 4042464, at *2 (6th Cir. June 4, 2018) ("By failing to timely object to the magistrate judge's report and recommendation, a party waives further review of his claims by the district court . . . ."). Nevertheless, the Court has considered Mr. Montgomery's objections on the merits.

First, Mr. Montgomery objects to the R&R because he says he was "unaware" that the Marshal attempted to serve Defendant Shannon Bell until he received the R&R. (Doc. No. 145 at 1). But this is not true because he was in fact served with a copy of the unexecuted summons on January 19, 2022, (Doc. No. 97), as noted by the Magistrate Judge. (Doc. No. 144 at 7 n.2).

1

Second, Mr. Montgomery objects to the R&R because he "requested to use private process servers" to serve Bell because a private process server "can do a skip trace to find Bell's new address." (Doc. No. 145 at 2). This is only true to a point. In response to the Magistrate Judge's Order to Show Cause (Doc. No. 119), Mr. Montgomery requested Bell's Davidson County Sheriff's Office personnel records to obtain information to serve Bell through a private process server (Doc. No. 120), but as the Magistrate Judge explained, and the Court agrees, there are safety concerns to providing inmates with the home address of current or former employees. (Doc. No. 144 at 6). What is critical is that the Marshal attempted service on Bell at her last known address. Mr. Montgomery's Motion for an Order to Release Personnel Files (Doc. No. 120) is **DENIED.**

Mr. Montgomery's objections are not well taken. The R&R is APPROVED and ADOPTED. Mr. Montgomery's claims against Shannon Bell are **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE