UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GARY MONTGOMERY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-cv-00675 |
| WELLPATH MEDICAL, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc No. 194), recommending that the Court grant: (1) Thomas Conrad's Motion for Summary Judgment (Doc. No. 152); (2) Wellpath Medical, LLC ("Wellpath"), Metropolitan Government of Nashville and Davidson County ("Metro"), Nurse Taylor Wall, Nurse Amber Dame, Nurse Dayna West, Nurse Mark Bailey, Dentist Krystal Lewis, and Dental Technician Jenny Jaynes' (collectively, the "Wellpath and Metro Defendants") Motion for Summary Judgment (Doc. No. 156); and (3) deny all other pending motions as moot. Gary Montgomery, proceeding pro se, filed Objection to Magistrate's Report and Recommendation Filed May 30, 2024 (Doc. No. 199), to which Defendants filed a response (Doc. Nos. 201, 202). For the following reasons, Montgomery's objections will be overruled, and the R&R will be approved and adopted.

I.     **BACKGROUND**

This civil rights actions under 42 U.S.C. § 1983 arises from Montgomery's pretrial detention in the custody of Davidson County Sheriff's Office. (Doc. No. 78). Montgomery alleges deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the Constitution because: (1) Wellpath, Jaynes, and Lewis failed to provide him

dental care, (2) Conrad, Dame, and West were deliberately indifferent to his nail care needs for his ingrown toenail, (3) Bailey failed to provide him adequate treatment and medication for his back pain, (4) Dame and Wall failed to provide him adequate treatment and medication for his stomach and back pain, and (5) Wellpath was deliberately indifferent to his medical needs by failing to provide him a better mattress and extra blanket. (Id. at 13–14).

Montgomery further alleges that Wellpath and Metro are liable under 42 U.S.C. § 1983 due to an illegal policy and existence of a custom or tolerance of illegal acts, and that Welllpath and West violated the Americans with Disabilities Act, 42 U.S.C. § 12101 and the Rehabilitation Act, 29 U.S.C.A. § 701. (Id. at 13). Finally, Montgomery alleges: (1) medical negligence and malpractice against Wellpath, Lewis, and Bailey; (2) negligence against Wellpath, Lewis, Jaynes, and Bailey; (3) breach of contract against Wellpath; and (4) intentional infliction of emotional distress against Wellpath. (Id. at 13–14).

## II. MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

The Magistrate Judge recommends that Conrad's motion for summary judgment be granted because he is entitled to qualified immunity. The Magistrate Judge reasons that Montgomery did not offer evidence showing that he suffered an objectively serious medical condition with respect to his ingrown toenail or that Conrad knew of and disregarded a substantial risk of harm to him. (Doc. No. 194 at 20–26).

With respect to Wellpath and Metro Defendants' motion for summary judgment, the Magistrate Judge concluded that their motion should be granted because they did not violate the Eighth and Fourteenth Amendments. As a result, she granted summary judgment in favor of: (1) Wellpath, Jaynes, and Lewis because Montgomery's dental needs were not serious medical needs; (2) Lewis and Jaynes because there was no evidence that they knew of and disregarded a

substantial risk of harm to Montgomery's dental needs; (3) Dame and West because uninfected ingrown toenails are not a serious medical need; (4) Bailey because there was no evidence that he knew of and disregarded a substantial risk of harm to Montgomery's back pain; (5) Dame and Wall because there was no evidence that they were deliberately indifferent to Montgomery's stomach and back pain; and (6) Wellpath because it did not act deliberately indifferent to Montgomery's medical needs by not providing a him better mattress and extra blanket. (Doc. No. 194 at 27–38).

Montgomery objects to the Magistrate Judge's municipal liability analysis. She correctly stated and applied the applicable legal standard:

> A governmental entity or municipality is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (internal citations and quotation marks omitted). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." Wright v. City of Euclid, 962 F.3d 852, 880 (6th Cir. 2020) (quoting Jackson v. City of Cleveland, 925 F.3d 793, 828 (6th Cir. 2019)).

(Doc. No. 194 at 39). The Magistrate Judge then concluded that Montgomery failed to satisfy the first prong because he failed to provide any evidence of an unconstitutional policy. (Doc. No. 194 at 40–41). Montgomery further failed to satisfy the fourth prong because he did not identify or provide evidence of any examples of a pattern of misconduct. (Id. at 41–42). Accordingly, the Magistrate Judge granted Wellpath and Metro summary judgment on the municipal liability claim.

Montgomery also objects to the Magistrate Judge's ADA and Rehabilitation analysis. The Magistrate Judge concluded that Montgomery failed to provide any record evidence to satisfy the third prong—that he had been excluded from participation in, denied the benefits of, or subjected

3

to discrimination under any public program because of his disability. (Doc. No. 194 at 42). She correctly applied the ADA and Rehabilitation standard approved by the Sixth Circuit:

> In order to prevail a claim under Title II of the ADA or § 504 of the Rehabilitation Act, a plaintiff must show "that he (1) is disabled under the statutes, (2) is 'otherwise qualified' for participation in [a state or local government] program, and (3) 'is being excluded from participation in, denied the benefits of, or subjected to discrimination 'because of his disability or handicap, and (4) (for the Rehabilitation Act) that the program receives federal financial assistance.'" Hollis v. Howard, No. 16-5115, 2016 WL 9804159, at *2 (6th Cir. Dec. 21, 2016) (alteration in original) (quoting Gohl v. Livonia Pub. Sch. Dist., 836 F.3d 672, 682 (6th Cir. 2016)).

(Doc. No. 194 at 42–43)

The Magistrate Judge went on to address the state law claims, which Montgomery does not object. She found that all of the claims failed as a matter of law. (Doc. No. 194 at 44–49).

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he [D]istrict [J]udge must determine *de novo* any part of the [M]agistrate [J]udge's disposition [on a dispositive motion] that has been properly objected to. Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). The Sixth Circuit has opined that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. Howard v. Sec'y Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of

the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a).

## IV. LEGAL DISCUSSION

Montgomery filed seven objections, two of which address substantive legal issues and five are procedural.

### A. Substantive Objections

Even though the Magistrate Judge used and applied the correct legal standard, Montgomery argues that he showed that "disputes existed," and Defendants "violated their own policies." (Doc. No. 199 at 2). Montgomery, however, fails to identify specifically what policy or policies the Defendants violated. As such, there is no proper objection for review. That "disputes existed" is also insufficient for the Court to know what factual allegations Montgomery believes would change the outcome of the case and create a genuine issue of material fact. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1990) (non-moving party must present evidence to create a genuine issue of fact for summary judgment); see also Special Learning, Inc. v. Step by Step Academy, Inc., 751 F. App'x 816, 819 (6th Cir. 2018) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate [judge]'s report."). The Magistrate Judge correctly dismissed this claim. Accordingly, the objection is overruled.

Montgomery's next objection fares no better. Again, the Magistrate Judge applied the correct legal standard, but Montgomery argues that he "pointed out to the court that [the Judge] had the authority to reconsider any part of the case . . . which should have included a reevaluation of the Court's ruling that [Montgomery] is not disabled." (Id.). The Magistrate Judge did not conclude that Montgomery was not disabled. Instead, the Magistrate Judge reasoned that even if Montgomery was disabled, he offers no admissible evidence that he had been excluded from

5

Case 3:19-cv-00675   Document 204   Filed 07/24/24   Page 5 of 9 PageID #: 1602

participation in, denied the benefits of, or subject to discrimination because of his disability. And he still has not done so here to support his objections. <u>Gohl</u>, 836 F.3d at 682 (explaining that a plaintiff must establish a prima facie case to survive summary judgment). Thus, this objection is overruled.

### B. Procedural Objections

Montgomery's first procedural objection is two-fold: (1) the Magistrate Judge failed to "seriously consider" his response to Defendants' motions, and (2) she failed to consider his motion for summary judgment. (Doc. No. 199 at 1). But the Magistrate Judge referenced Montgomery's arguments in his responses (Doc. Nos. 166, 168) throughout the R&R. (<u>See</u> Doc. No. 194 at 24 ("Montgomery argues that … he should not have been fully restrained because he was under administrative status …")); <u>see also</u> Doc. No. 194 at 30 ("Montgomery argues that he did not receive an oral examination . . ."). In fact, the Court notes that the Magistrate Judge referenced Montgomery's responses approximately forty times. (<u>See</u> <u>e.g.</u>, Doc No. 194 at 10, 19, 21 30, 34, 35, 36).

With respect to the second part of his objection, the Magistrate Judge did not fail to consider Montgomery's motion for summary judgment. Montgomery's summary judgment motion argues that he is entitled to summary judgment with respect to his "medical claims only." (Doc. No. 176). It is not entirely clear what claims Montgomery is referencing, but he mentions his ADA, Rehabilitation, and deliberate indifference claims in his accompanying memorandum. (Doc. No. 177). The Magistrate Judge, however, addressed each of Montgomery's claims when she analyzed Defendants' motions. This benefits Montgomery because the standard of review is in his favor. When considering Defendants' motions for summary judgment, the Magistrate Judge is required to view the undisputed material facts in the light most favorable to Montgomery. <u>See</u> <u>United States</u>

6

v. Diebold, Inc., 369 U.S. 654, 655 (1962) (when deciding a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor). If Montgomery's claims could not survive under that standard, then his claims would certainly not survive on his own motion when the Court would view the facts in the light most favorable to the Defendants. This objection is overruled.

His second procedural objection takes issue with the Magistrate Judge characterizing his replies to Defendants' replies as sur-replies. (Doc. No. 199 at 2.). The Magistrate Judge's characterization is correct. She correctly rejected Montgomery's sur-replies for two reasons. First, Montgomery used his sur-replies as a tool to repeatedly raise additional arguments, which is not permitted. See In re: Firstenergy Corp. Sec. Litig., 316 F. Supp. 2d 581, 599 (6th Cir. 2004) ("It is well-established that a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in opposition."). Second, the Federal and the Local Rules do not expressly permit the filing of a sur-reply without leave from the Court, and Montgomery did not request permission. Key v. Shelby Cnty., 551 F. App'x 262, 265 (6th Cir. 2014); see also Brisbane v. Metro. Gov't of Nashville & Davidson Cnty., Tenn., No. 3:19-cv-00884, 2022 WL 524769, at *1 n.2 (M.D. Tenn. Feb. 22, 2022) (declining to consider plaintiff's response to defendant's reply filed without requesting or receiving permission to do so because it is not allowed under the Local Rules). Critically, he fails to explain what factual allegations would change the Magistrate Judge's analysis and create a genuine issue of material fact. Street, 886 F.2d 1472 at 1478. This objection is overruled.

In his third procedural objection, Montgomery argues that the Magistrate Judge erred in concluding that his complaint was unverified when it was verified (Doc. Nos. 194 at 2 n.2, 199 at 2). Montgomery is correct. (Doc. No. 78 at 20). However, even though the complaint is verified,

Montgomery fails to carry his burden to explain why his verified complaint creates a disputed issue of material fact. Street, 886 F.2d 1472 at 1478. It is not the Court's responsibility to guess what factual allegations Montgomery is relying upon to show a disputed material fact. Special Learning, Inc., 751 F. App'x at 819. Thus, this objection is overruled. See Arroyo v. Comm'r of Soc. Sec., No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) ("[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R.").

Montgomery's fourth objection—that the "Magistrate Judge granted Defendant Conrad's motion to supplement his motion for summary judgment for [Montgomery's] failure to respond when [s]he knew [he] had a new mailing address and properly notified the Court and likely wasn't served by Defendant and the Court" (Doc. No 199 at 1)—is unsupported by the record. Montgomery notified the Court that his new address was: 1045 Horsehead Road, Pikeville, TN 37367 (Doc. No. 190 at 2). The certificate of service shows that Conrad served Montgomery at that address (Doc. No. 193). Although Montgomery wants the Court to believe that he likely was not served, the record shows that Conrad served Montgomery at his new mailing address. Yet again, Montgomery fails to explain how this creates a genuine dispute of material fact. This objection is overruled.

His final objection is equally unavailing. Montgomery argues that the Court failed to rule on his request for an extension for discovery by resetting the trial prep deadlines (Doc. No. 199 at 2). He further argues that this "failure" left him with inadequate time to respond and file his own motion for summary judgment. (Id.). This argument is nonsensical given that Montgomery not only responded to Defendants' motion, (Doc. Nos. 166, 168), but also filed his own motion (Doc.

No. 176). Furthermore, Montgomery requested an extension to respond to Defendants' motions on November 21, 2023 (Doc. No. 164), and the Court extended the deadline to December 10, 2023. (Doc. No. 165). He responded nine days late to Wellpath and Metro Defendants' motion and seventeen days late to Conrad's motion. (See Doc. Nos. 166, 168). As such, the Court is unpersuaded that Montgomery had "inadequate time to respond." (Doc. No. 199 at 2). This objection is overruled.

V. CONCLUSION

For the foregoing reasons, Montgomery's Objection to Magistrate's Report and Recommendation (Doc. No. 199) is overruled.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE